(Nos. 45886, 45888 cons.—

MARGARET KEILHOLZ, Appellee, v. CHICAGO AND NORTH WESTERN RAILWAY COMPANY *et al.*, Appellants.

*Opinion filed Sept. 27, 1974.—Rehearing denied Nov. 27, 1974.*

James P. Daley, Robert Schmiege, and McKenna, Storer, Rowe, White & Haskell, all of Chicago (John F. White and Howard K. Priess II, of counsel), for appellants.

Tenney & Bentley, and Kamin, Stanley & Balkin, both of Chicago (J. William Braithwaite, John S. Eskilson, Frank C. Stanley, and F. James Helms, of counsel), for appellee.

MR. JUSTICE SCHAEFER delivered the opinion of the court:

We granted leave to appeal in this case because it appeared to involve the inter-relationship of Rule 273 of this court and section 24 of the Limitations Act (Ill. Rev. Stat. 1973, ch. 110A, par. 273; ch. 83, par. 24a). The rule relates to involuntary dismissals of actions, and it provides:

> "Unless the order of dismissal or a statute of this State otherwise specifies, an involuntary dismissal of an action, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join an indispensable party, operates as an adjudication upon the merits." Ill. Rev. Stat. 1973, ch. 110A, par. 273.

The statute deals with limitations, and more specifically, the time within which a plaintiff may commence a new action after his first action has been terminated. It provides:

> "In the actions specified in this Act or any other act or contract where the time for commencing an action is limited, if judgment is given for the plaintiff but reversed on appeal; or if there is a verdict for the plaintiff and, upon matter alleged in arrest of judgment, the judgment is given against the plaintiff; or if the plaintiff is nonsuited, or the action is dismissed for want of prosecution then, whether or not the time limitation for bringing such action expires during the pendency of such suit, the plaintiff, his heirs, executors or administrators may commence a new action within one year or within the remaining period of limitation, whichever is greater, after such judgment is reversed or given against the plaintiff, or after the plaintiff is nonsuited or the action is dismissed for want of prosecution." Ill. Rev. Stat. 1973, ch. 83, par. 24a.

In her original complaint the plaintiff, Margaret Keilholz, sought to recover damages for injuries allegedly sustained in a collision between a truck and the train upon which she was a passenger. The defendants are the railroad company, its engineer and the owners and operators of the truck. The accident occurred on April 2, 1965, and the original complaint was instituted in 1967, within the normal two-year limitation period. A pretrial conference was had during the summer of 1969. On May 11, 1970, a second pretrial conference was set for July 7, 1970, and the plaintiff was ordered to appear in person at that time. On July 7 the plaintiff did not appear. Instead, on that date her attorney presented an affidavit stating that the plaintiff was away from the State of Illinois on a combined vacation and business trip. The trial judge entered the following order on July 8, 1970:

> "It is therefore ordered, adjudged and de-creed that this cause be and the same is hereby dismissed for non-compliance with Supreme Court Rules 218 and 219(c) and the order of this court entered on May 11, 1970."

The plaintiff's motion to vacate the dismissal order of July 8, 1970, was denied. No appeal was taken from the order of dismissal or from the denial of the motion to vacate.

Instead, on December 15, 1970, the plaintiff com-menced a new action, identical with the first. She did so in reliance upon section 24 of the Limitations Act. All the defendants moved to dismiss the new complaint and the complaint was dismissed. On appeal, the Appellate Court, First District, reversed the judgment dismissing the action, one judge dissenting. (10 Ill. App. 3d 1087.) Two petitions for leave to appeal were filed. Both were allowed, and the two cases were consolidated.

Of the four types of orders described in section 24, three are plainly inapplicable. This case does not involve a judgment for the plaintiff reversed on appeal, nor was there a verdict for the plaintiff with judgment upon that

verdict arrested. This case does not involve a nonsuit. It is also obvious that in any literal sense of the words, this case was not "dismissed for want of prosecution." It was dismissed because the plaintiff did not comply with the order of the court that she appear in person at the pretrial hearing.

The appellate court majority recognized that the order of July 8, 1970, is "essentially based on 'noncompliance with *** the order of *** May 11, 1970,' and therefore is not expressly 'for want of prosecution.' " (10 Ill. App. 3d at 1091.) It considered, however, that the order was entered pursuant to Rules 218 and 219 (Ill. Rev. Stat. 1971, ch. 110A, pars. 218, 219). It then analyzed the purpose of those rules and concluded that they were adopted "to expedite the prosecution of civil cases by providing a pre-trial mechanism to sift out the basic issues between the parties and to formulate them as precisely and accurately as possible, to reach a stipulation of as much of the evidence as possible, and to reach an agreed settlement of the case, if possible. All to what end? Obviously, to move the case more expeditiously either to settlement or to trial, and, if to trial, then to a more expeditious trial; in short, to expedite the prosecution of the case. Hence, we think that the penalties authorized under Rules 218 and 219 for failure to participate in the pre-trial conference procedure in accord with the orders of the trial court are essentially penalties 'for want of prosecution' within the meaning of [section 24]." 10 Ill. App. 3d at 1092.

We do not agree with this interpretation. There is a sense in which every procedural rule and sanction, if it is viewed from a sufficiently remote perspective, may be said to be designed to expedite the prosecution of cases. But the focus of section 24 is narrow. It states with precision the four types of orders with which it is concerned, and a dismissal for failure to comply with an order of the court is not one of them. As Justice Stamos pointed out in his dissent, if all dismissal orders entered under Rule 219 for

failure to comply with discovery and pretrial conference orders are to be considered as dismissals for want of prosecution under section 24, the result would be to eliminate the most effective sanction for the disregard of those orders. In our opinion the General Assembly did not intend, by the plain language of section 24, to accomplish that result.

In view of our conclusion that section 24 of the Limitations Act did not operate to grant the plaintiff in this case a right to file a new action free of the normal bar of the statute of limitations, it follows that the motion of the defendants to dismiss the complaint on the ground that it was barred by the statute of limitations was properly granted. It is therefore unnecessary to consider whether under Rule 273 the dismissal order operated as an adjudication upon the merits.

The judgment of the appellate court is therefore reversed, and the judgment of the circuit court is affirmed.

*Appellate court reversed; circuit court affirmed.*