THE CHAMPAIGN COUNTY BOARD OF REVIEW, Plaintiff-Appellant, *v.* THE PROPERTY TAX APPEAL BOARD OF THE DEPARTMENT OF REVENUE, Defendant-Appellee.—(LA SALLE NATIONAL BANK, c/o OXFORD DEVELOPMENT CORPORATION, Defendant.)

(No. 12736; )

Fourth District—July 3, 1975.

James R. Burgess, Jr., State's Attorney, of Urbana (Frederic M. Grosser, Assistant State's Attorney, Donald Fabian and John Haas, Law Students, of counsel), for appellant.

William J. Scott, Attorney General, of Chicago (Patricia Rosen, Assistant Attorney General, of counsel), for appellee.

Mr. PRESIDING JUSTICE SIMKINS delivered the opinion of the court:

The developers of Winfield Village in Savoy, Illinois, claiming the assessed valuation of their property to be excessive, sought review of the assessment before the Champaign County Board of Review. The Board of Review refused to alter the assessment. The taxpayers then appealed to the Property Tax Appeal Board (hereinafter Appeal Board), which lowered the assessment.

The Board of Review then appealed this decision to the circuit court under the provisions of the Administrative Review Act.

In the circuit court, the Appeal Board filed a motion to dismiss. The

motion alleged that, pursuant to section 10 of the Administrative Review Act (Ill. Rev. Stat. 1973, ch. 110, § 273), the Board of Review must pay to the Appeal Board the costs of preparing the record of the proceedings before the Appeal Board or else suffer a dismissal.

The Board of Review declined to pay the costs. The circuit court dismissed the complaint and the Board of Review has appealed contending that it should not have been required to pay those costs.

Rule 4(g) of the Rules and Regulations of the Appeal Board provides that copies of the Appeal Board's files will be prepared in connection with administrative review for a specified cost per page.

The Appeal Board contends that this rule is a proper exercise of its authority as it is granted by statute.

It is fundamental that an administrative body has only the powers granted to it by statute. *People ex rel. Thompson v. Property Tax Appeal Board*, 22 Ill.App.3d 316, 317 N.E.2d 121.

Section 10 of the Administrative Review Act (Ill. Rev. Stat. 1973, ch. 110, § 273) provides, in part, as follows:

> "If the statute under authority of which an administrative decision was entered provides or requires that the plaintiff in the review proceeding shall pay to the agency the costs of preparing and certifying the record of proceedings before the agency, the failure to make such payment shall relieve the agency of the necessity of filing the answer required in Section 9 and shall be authority for the entry of an order by the court, on motion therefor by the agency or any other defendant, dismissing the complaint * * *."

The Appeal Board contends that its Rule 4(g) was a proper exercise of the rule-making powers granted it by statute. Therefore, it argues, section 10 of the Administrative Review Act would be applicable and the complaint was properly dismissed.

■■■ The Appeal Board is granted rule-making powers by section 111.2 of the Revenue Act of 1939 (Ill. Rev. Stat. 1973, ch. 120, § 592.2). That section states, in part:

> "The Property Tax Appeal Board, under the supervision of the Director of the Department, shall establish by rules an informal procedure for the determination of the correct assessment of property which is the subject of an appeal. Such procedure * * * may provide that costs shall be in the discretion of the Board."

Contrary to the Appeal Board's assertion, we interpret this section to mean only that the Appeal Board has the power to assess costs incurred in proceedings before it and not costs incurred in an administrative review proceeding. Since the statute creating the Appeal Board does not provide that plaintiff in review pay costs to the agency, section 10 of the Ad-

ministrative Review Act is inapplicable and the motion to dismiss improperly granted.

We note that on those occasions where the Legislative has provided that plaintiff in review pay the costs for preparing the record, they have done so with great specificity. See Ill. Rev. Stat. 1973, ch. 111½, §§ 116.61, 628-106.

For the reasons stated above, the motion to dismiss should have been denied.

Reversed and remanded.

TRAPP and CRAVEN, JJ., concur.