GERTRUDE GENDEL *et al.*, Plaintiffs-Appellees, *v.* NOLAN B. JONES, Director of the Department of Personnel, *et al.*, Defendants-Appellants.

First District (1st Division)   No. 76-1713

Opinion filed March 13, 1978.

William J. Scott, Attorney General, of Chicago (Patricia Rosen, Assistant Attorney General, of counsel), for appellants.

Jacob R. Cohen, Mischa Rubin, Carl Freedman, and Bernard Kamin, all of Chicago, for appellees.

Mr. JUSTICE O'CONNOR delivered the opinion of the court:

Plaintiffs, Gertrude Gendel and Ruth Lew, who are 65 years old and enrolled under Part B of the Federal Medicare health insurance program, filed suit on behalf of themselves and all other employees, annuitants and their covered dependents similarly situated, seeking a declaratory judgment and injunctive relief against defendants, the Director of the Department of Personnel, the Comptroller and the Treasurer of the State of Illinois. Plaintiff Gendel is an annuitant under the State Employees Group Insurance Act of 1971 and had been an employee of the State of Illinois for more than 35 years until her retirement in 1972. Plaintiff Lew is a present employee of the State of Illinois. By their suit, plaintiffs sought to restrain the Illinois Director of Personnel from implementing his directive of February 21, 1974, issued by him as administrator of the State group health insurance program, which stated that individuals who have reached the age of 65 and are eligible to enroll for Part B Medicare coverage should enroll and pay the premium therefor and that if they failed to enroll, the benefits which Part B would have paid would be deducted from the State plan benefits. The trial court granted summary judgment for plaintiffs, declaring that the Director's acts exceeded his authority under the State Employees Group Insurance Act of 1971 (Ill. Rev. Stat. 1975, ch. 127, pars. 521-537), ordering him to refrain from implementing the policy announced in his directive and not to reduce benefits under the State plan without providing for reimbursement of Part B premiums to those who enrolled in Part B.

Defendant's appeal, contending that the trial court's order should be reversed because the Director's directive conforms to the Act and affords plaintiffs equal protection of the laws. They also argue that to the extent the trial court's order purports to grant plaintiffs monetary relief it is void because only the Court of Claims has jurisdiction to grant a monetary award from State funds.

The purpose of the State Employees Group Insurance Act of 1971, as stated in section 2, is "to provide a program of group life and group health insurance for persons in the service of the State of Illinois and certain of their dependents" (Ill. Rev. Stat. 1975, ch. 127, par. 522). Section 10 provides (Ill. Rev. Stat. 1975, ch. 127, par. 530(a)):

"(a) The State shall pay the cost of the basic non-contributory group life insurance and group health insurance on each eligible employee and annuitant * * *."

Section 6 provides in pertinent part (Ill. Rev. Stat. 1975, ch. 127, par. 526):

"The group health insurance program shall provide for protection against the financial costs of health care expenses incurred in and out of hospital including basic hospital-surgical-medical coverages and major medical coverage.

\* \* \*.

The group health insurance program shall be designed by the Director (1) to provide a reasonable relationship between the benefits to be included and the expected distribution of expenses of each such type to be incurred by the covered employees and dependents, and (2) to include reasonable controls, which may include deductible and co-insurance provisions, applicable to some or all of the benefits, or a coordination of benefits provision, to prevent or minimize unnecessary utilization of the various hospital, surgical and medical expenses to be provided and to provide reasonable assurance of stability of the program, and (3) to provide benefits to the extent possible to employees throughout the State, wherever located, on an equitable basis.

Where a covered employee or annuitant, or any of their covered dependents, are eligible for benefits under the Federal Medicare health insurance program (Title XVIII of the Social Security Act as added by Public Law 89-97, 89th Congress), benefits paid under the State of Illinois program will be reduced by the amount of benefits paid by Medicare, with premiums adjusted to an amount deemed by the Director to be reasonably consistent with the reduction of benefits."

On February 21, 1974, Nolan B. Jones, the Director of the Department of Personnel, issued the following directive:

" 'The State Employees Group Insurance Act of 1971' REQUIRES THAT, WHEN PERSONS ARE ELIGIBLE FOR MEDICARE, STATE PLAN BENEFITS WILL BE REDUCED BY THE AMOUNT OF MEDICARE BENEFITS. When claims are submitted for members covered by Medicare, benefits payable under the State Plan are calculated in the normal manner; benefits payable under Medicare are then subtracted from the State Plan benefit amount; and any difference due is paid by the State Plan. The result is that Medicare and Non-Medicare members receive the same net total benefits.\* \* \*

Medicare Part 'B'—(Physician Care)—Everyone 65 years of age and over is eligible for Medicare Part B and the minimum cost is currently $6.30 per month. The State program assumes all eligible persons will enroll in Medicare Part B and pay the premium cost. IF YOU DO NOT ENROLL IN PART B, THE HEALTH INSURANCE CARRIER WILL DEDUCT FROM ANY STATE PLAN BENEFITS ALL AMOUNTS WHICH PART 'B' WOULD HAVE PAID."

Plaintiffs argue that under this directive employees who reach the age of 65 and are thus eligible for Medicare Part B are discriminated against

because, in order not to lose the benefits paid by Medicare Part B, they would have to pay a premium for coverage not required of those under 65. Plaintiffs argue that the Director had no authority under the Act to require them to enroll in Part B and to pay for coverage, while all others under 65 received the same benefits at no cost to themselves.

On appeal there is no dispute that those who are eligible to enroll in Part B must pay a premium for the same benefits that all others covered by the basic plan receive without the payment of a premium. There further is no dispute that the State's savings from requiring persons eligible for Part B to enroll is considerably greater than the Medicare premium for Part B.

■■ Defendants argue that the Director's directive is within his authority because it merely tries to coordinate benefits or to use co-insurance as provided in section 6 of the Act. Although the Act gives authority to the Director "* * * to include reasonable controls, which may include deductible and co-insurance provisions, applicable to some or all of the benefits, or a coordination of benefits provision, to prevent or minimize unnecessary utilization to be provided and to provide reasonable assurance of stability of the program * * *" (Ill. Rev. Stat. 1975, ch. 127, par. 526), the Director's authority to administer the Act must take into account all of the provisions of the Act and each of them must be given its effect. *Illinois State Employees' Association v. McCarter* (1973), 9 Ill. App. 3d 764, 769, 292 N.E.2d 901.

Plaintiffs assert that because the Act requires the State to pay the basic cost of the plan under section 10, the reasonable controls authorized by section 6 cannot conflict with the requirement of the payment of the cost of the plan. Defendants argue that section 10 only prohibits the Director from requiring employees to purchase from a private carrier insurance to cover any part of the State group health insurance coverage. Clearly, the plain meaning of section 10(a) is not so limited. It requires the State to pay for the entire insurance coverage. Nothing in the language of that section supports defendants' interpretation.

The Director's authority under the Act is limited to the authority granted him by the Act. (*Champaign County Board of Review v. Property Tax Appeal Board* (1975), 30 Ill. App. 3d 29, 31, 331 N.E.2d 333; *Sibley v. Health & Hospitals' Governing Com.* (1974), 22 Ill. App. 3d 632, 634, 317 N.E.2d 642.) His authority must be exercised to give meaning to all sections of the Act. (See *McCarter.*) The trial court correctly concluded that the Director could not exercise his authority in a way that parts of the Act would be rendered meaningless. The Director's directive which rendered the State's duty to pay the cost of the basic plan meaningless is without authority.

■■ Further, to require those over 65 to pay for Medicare B would be contrary to section 6 of the Act (Ill. Rev. Stat. 1975, ch. 127, par. 526),

which states that the State group health program shall "provide benefits to the extent possible to employees throughout the State, wherever located, on an *equitable basis.*" (Emphasis supplied.) To require payment for coverage or lose it cannot be the providing of benefits to employees throughout the State on an "equitable basis." In order to fulfill the policy expressed in Sections 6 and 10 of the Act, the State must pay the Medicare premiums of those who do enroll. Otherwise State employees at age 65 are penalized solely because of the passage of time. Clearly, the directive issued exceeded the authority granted to the Director by the statute.

In view of that fact, the constitutional arguments raised by the parties need not be considered.

■■ Defendants argue that the order of the circuit court was also erroneous because it grants a monetary judgment against the State which only the Court of Claims has jurisdiction to render. The order provides:

> "5. The defendant Nolan B. Jones may not reduce the State of Illinois health insurance benefits of employees and annuitants who enroll or are enrolled in Part 'B' of the Medicare program by deducting therefrom the amount paid by Medicare under Part 'B' unless he and each of the other defendants herein first take such action as will assure that each such employee or annuitant is promptly reimbursed for the amount of premium paid by each of them for coverage under Part 'B' of the aforesaid Medicare program."

In *Bio-Medical Laboratories, Inc. v. Trainor* (1977), 68 Ill. 2d 540, 370 N.E.2d 223, plaintiff sought and obtained an order restraining defendant, the Director of the Department of Public Aid, from suspending plaintiff as a medical services vendor. Plaintiff alleged that any suspension by the Director was in excess of his lawful authority. The Director appealed, arguing *inter alia* that plaintiff's action was barred by the doctrine of sovereign immunity. The supreme court disagreed, stating (68 Ill. 2d 540, 548):

> "Plaintiff is not attempting to enforce a present claim against the State but, rather, seeks to enjoin the defendant from taking actions in excess of his delegated authority and in violation of plaintiff's protectable legal interests. Such a suit does not contravene the immunity prohibition. [Citations.] For reasons the same as expressed above, we also reject defendant's contention that the Court of Claims has exclusive jurisdiction over the subject matter of this action."

The court's reasoning in the above cited case is applicable here. Plaintiffs seek to restrain defendants from acting outside of their authority to plaintiffs' detriment. They seek no monetary relief by enforcing a present claim. The order of the circuit court does not purport to make an

award on a present claim. The order restrains defendants from an act beyond their authority. We reject defendants' contèntion that the trial court's order was barred by sovereign immunity. To the extent, however, that it might be construed to purport to authorize the circuit court to enter a monetary judgment against the State of Illinois, it was erroneously entered. *Campbell v. Department of Public Aid* (1975), 61 Ill. 2d 1, 329 N.E.2d 225.

To the extent that the order of the circuit court of Cook County determines the rights of the plaintiffs to full State coverage without additional cost to themselves it is affirmed; to the extent that it might be construed to purport to enter a monetary judgment against the State of Illinois it is reversed.

Affirmed in part and reversed in part.

McGLOON and JIGANTI, JJ., concur.