HARLAN BRUER *et al.*, Plaintiffs-Appellees, *v.* LIVINGSTON COUNTY BOARD OF ZONING APPEALS *et al.*, Defendants-Appellants.

Fourth District   No. 15001

Opinion filed December 22, 1978.

Ronald N. Hanley, of Hanley, Traub & Hanley, of Fairbury, for appellants.

Robert M. Travers, of Fellheimer Law Firm, of Pontiac, for appellees.

Mr. PRESIDING JUSTICE REARDON delivered the opinion of the court:

The defendant, Harvey S. Traub Client Trust, appellant in this cause, purchased a tract of land containing an excavation in the earth from which gravel had been extracted in the past. After an improvement location permit was obtained, large sums of money were expended in developing the property for mineral extraction. Subsequently, one of the plaintiffs, Pontiac Stone Company, an adjoining property owner, sought a

declaratory judgment that the improvement location permit had been improperly issued and was null and void. The circuit court of Livingston County ruled that the improvement location permit was improperly issued to the defendant, but that Livingston County was estopped to revoke the permit as to the area of the site where mining had already commenced. The court further ruled that the defendant could not enlarge the area of the site without first obtaining a special use permit.

The defendant, thereafter, applied for a special use permit. The Planning Commission of Livingston County recommended to the Livingston County Board of Zoning Appeals (hereinafter referred to as Board) that a special use permit be granted. Following a public hearing, the Board approved issuance of the special use permit. On July 13, 1977, plaintiffs filed a petition in cause No. 77-MR-25 for administrative review of the Board's approval of the issuance of the special use permit. Following a hearing on August 22, 1977, defendant's motion to dismiss cause No. 77-MR-25 was granted and plaintiffs were granted leave to file an amended complaint within 21 days. No amended complaint was filed within that 21-day period, and the cause was dismissed on October 6, 1977. Plaintiffs' motion to vacate the dismissal, filed October 17, 1977, alleged that a delay in transcript preparation of the hearing before the Board prevented them from filing a timely amended complaint. Plaintiffs' motion to vacate the dismissal was denied on December 12, 1977, and no appeal in cause No. 77-MR-25 was taken.

On October 7, 1977, plaintiffs had filed another petition for administrative review of the Board's approval of the issuance of the special use permit, in cause No. 77-MR-45. Defendant's motions for summary judgment and to dismiss alleging, *inter alia*, that cause No. 77-MR-45 was barred by principles of res judicata and collateral estoppel, were denied. Following a hearing, the court held that issuance of the special use permit to the defendant was proper.

On January 16, 1978, the trial court ordered the defendant to pay the cost of transcribing the testimony of the hearing before the Board which plaintiffs had requested to pursue their review action. The trial court based its ruling on section 26—2(b) of the Livingston County Zoning Ordinance (hereinafter referred to as Ordinance) which provides in part:

> "In case an appeal is taken from the decision of the Board, such testimony shall be transcribed and a copy thereof shall be furnished to the party appealing from the decision of the Board. The cost of taking and transcribing such testimony and furnishing a copy thereof to the parties so appealing from the decision of the Board shall be borne by the applicant for zoning or rezoning, or other alterations, as the case may be."

Two issues are raised for review: whether plaintiffs' petition for

administrative review in cause No. 77-MR-45 is barred by the principle of res judicata, and alternatively, whether the Livingston County Board exceeded its authority by enacting an ordinance imposing transcript preparation costs for judicial review of a zoning appeal hearing upon the applicant for a special use permit.

Defendant contends that the involuntary dismissal entered in cause No. 77-MR-25 on October 6, 1977, acted as a final adjudication on the merits, and, under the principle of res judicata, should have barred the filing of plaintiffs' second petition for administrative review in cause No. 77-MR-45. Supreme Court Rule 273 (58 Ill. 2d R. 273) provides:

"Unless the order of dismissal or a statute of this State otherwise specifies, an involuntary dismissal of an action, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join an indispensable party, operates as an adjudication upon the merits." 58 Ill. 2d R. 273.

Section 24 of the Limitations Act (Ill. Rev. Stat. 1976 Supp., ch. 83, par. 24a) provides in part, however, that where an "action is dismissed for want of prosecution then, whether or not the time limitation for bringing such action expires during the pendency of such suit, the plaintiff * * * may commence a new action within one year or within the remaining period of limitation, whichever is greater, after such * * * action is dismissed for want of prosecution." Ill. Rev. Stat. 1976 Supp., ch. 83, par. 24a.

■■ In *Kutnick v. Grant* (1976), 65 Ill. 2d 177, 357 N.E.2d 480, section 24 of the Limitations Act was determined to be a statute that "otherwise specifies" within the meaning of Rule 273. In *Keilholz v. Chicago & North Western Ry. Co.* (1974), 59 Ill. 2d 34, 319 N.E.2d 46, the supreme court granted leave to appeal to consider the interrelationship of Rule 273 and section 24. The court ultimately did not decide that issue, since it concluded that the dismissal order for failure of the plaintiff to comply with an order of the circuit court that she appear in person at a pretrial hearing, was not a dismissal for want of prosecution within the meaning of section 24. In the instant case, plaintiffs have alleged that they were prevented from filing a timely amended complaint in cause No. 77-MR-25 because of a delay in receiving a transcript of the Board hearing. The record fails to disclose why plaintiffs failed to request an extension of time to file their amended complaint before the 21-day period had expired, or why the court denied plaintiffs' motion to vacate the October 6 dismissal in view of this allegation. While we feel that the proper course for the plaintiffs would have been to file a timely notice of appeal in cause No. 77-MR-25, we conclude that the October 6 dismissal in that cause was not an adjudication on the merits and can only be characterized as a dismissal for want of prosecution. Since section 24 plainly states that if a suit is

dismissed for want of prosecution a new action may be filed within one year of the dismissal, we find that plaintiffs' second petition for administrative review in cause No. 77-MR-45 is not barred by the principle of res judicata.

■■■ A county which is not a home-rule unit can exercise only the powers expressly delegated by the legislature or those that arise by necessary implication from expressly delegated powers. (*Tavern Owners Association of Lake County, Illinois, Inc. v. County of Lake* (1977), 52 Ill. App. 3d 542, 544, 367 N.E.2d 748.) The powers of the diverse units of local government, including counties, are not to be enlarged by liberally construing the statutory grant, but rather are to be strictly construed against the governmental entity. (*Connelly v. County of Clark* (1973), 16 Ill. App. 3d 947, 949, 307 N.E.2d 128.) Section 1 *et seq.* of "An Act in relation to county zoning" (Ill. Rev. Stat. 1975, ch. 34, par. 3151 *et seq.*) (hereinafter referred to as Zoning Act) authorized counties to enact and enforce zoning ordinances. Nowhere within this statutory grant is there any express authorization for counties to provide by ordinance for the payment of the costs of preparation of the record of a zoning hearing for use in an administrative review proceeding.

Section 3.4 of the zoning act (Ill. Rev. Stat. 1975, ch. 34, par. 3157) provides that all final administrative decisions of a zoning board of appeals shall be subject to judicial review under the provisions of the Administrative Review Act. (Ill. Rev. Stat. 1975, ch. 110, par. 264 *et seq.*) Section 10 of the Administrative Review Act provides:

"If the statute under authority of which the administrative decision was entered provides or requires that the plaintiff in the review proceeding shall pay to the agency the costs of preparing and certifying the record of proceedings before the agency, the failure to make such payment shall relieve the agency of the necessity of filing the answer required in Section 9 and shall be authority for the entry of an order by the court * * * dismissing the complaint * * *." Ill. Rev. Stat. 1975, ch. 110, par. 273.

In the instant case, however, since the zoning act does not expressly provide for the plaintiff in the review proceeding to pay the costs of preparing the transcript of proceedings before the Board, section 10 of the Administrative Review Act is inapplicable.

In *Champaign County Board of Review v. Property Tax Appeal Board* (1975), 30 Ill. App. 3d 29, 331 N.E.2d 333, the taxpayers sought review of the assessed valuation of their property before the Champaign County Board of Review. The Board of Review refused to lower the assessment but, on appeal, the Property Tax Appeal Board did. The Board of Review then appealed this decision to the circuit court pursuant to the Administrative Review Act. The Appeal Board filed a motion to

dismiss alleging that, pursuant to section 10 of the Administrative Review Act (Ill. Rev. Stat. 1973, ch. 110, par. 273), the Board of Review must pay to the Appeal Board the costs of preparing the record of the proceedings before the Appeal Board or else suffer a dismissal. The Board of Review declined to pay the costs. Section 111.2 of the Revenue Act of 1939 (Ill. Rev. Stat. 1973, ch. 120, par. 592.2) granted the Appeal Board the power to "* * * establish by rules an informal procedure for the determination of the correct assessment of property which is the subject of an appeal. Such procedure * * * may provide that costs shall be in the discretion of the Board." In holding that the motion to dismiss should have been denied, this court interpreted section 111.2 of the Revenue Act of 1939 to mean only that the Appeal Board had the power to assess costs incurred in proceedings before it and not costs incurred in an administrative review proceeding.

In *Zurek v. Cook County Police & Corrections Merit Board* (1976), 42 Ill. App. 3d 1044, 356 N.E.2d 1079, the enabling statute (Ill. Rev. Stat. 1973, ch. 125, par. 51 *et seq.*) did not require, nor did it give the Merit Board the power to require, the plaintiffs in review to pay the agency the costs of preparing and certifying the record of proceedings. The enabling statute, however, did give the Merit Board power to adopt rules and regulations. The rules and regulations of the Merit Board provided that the cost of the transcription shall be borne by the person requesting it. The appellate court interpreted the enabling statute and the Merit Board's own rules to mean that the Merit Board could only assess costs incurred in proceedings before it and not costs incurred in an administrative review proceeding.

Similarly, in the instant case, the Livingston County Board had only the inherent authority to provide by ordinance for the assessment of costs before the Board (of Zoning Appeals) and not for costs incurred in an administrative review proceeding. Furthermore, we note that section 26.2(b) of the Ordinance imposes the cost of preparing the report of the zoning hearing for use in the administrative review proceeding upon the applicant before the Board, even though the applicant, as here, may not be the party appealing from the decision of the Board. Such a burden is inherently unfair and cannot help but have a "chilling effect" on those seeking a zoning change. We know of no other system of appellate review, nor have the plaintiffs brought any to our attention, where the cost of preparing a transcript of proceedings before the tribunal below is placed upon the party other than the one seeking review. Consequently, we feel that such costs in the instant case should be borne by the plaintiffs, as the parties who sought review of the Board's decision.

■■ For the foregoing reasons, we conclude that the Livingston County Board exceeded its authority in enacting section 26.2(b) of the Ordinance.

Accordingly, the order of the circuit court assessing costs of transcript preparation to the defendant is reversed and the cause is remanded with directions that the circuit court enter an order assessing such costs against the plaintiffs.

Reversed and remanded with directions.

MILLS and CRAVEN, JJ., concur.