HERBERT M. KRAUS, Plaintiff-Appellant, v. METROPOLITAN TWO IL-
LINOIS CENTER, Defendant-Appellee.

First District (5th Division)   No. 85—3270

Opinion filed July 18, 1986.

Ernest K. Koehler, of Chicago, for appellant.

John M. Barnes, of Barnes & Horan, of Chicago, for appellee.

JUSTICE LORENZ delivered the opinion of the court:

Plaintiff, Herbert M. Kraus, appeals from an order of the circuit court of Cook County denying his motion to vacate an order dismissing his complaint with prejudice and his motion for reconsideration. He contends that the trial court abused its discretion by dismissing his complaint as a sanction for his failure to file a timely amended complaint.

The record discloses that on June 18, 1984, plaintiff filed a complaint alleging that he sustained serious injury on January 26, 1983, as a result of defendant Metropolitan Two Illinois Center's negligence in failing to maintain tacked down or glued carpeting on a parquet floor in its building located at 233 North Michigan Avenue in Chicago. Defendant filed a motion to strike and dismiss the complaint alleging that plaintiff had failed to state a cause of action because there was no showing that the carpeting was unreasonably dangerous or that defendant had notice of the condition. On November 13, 1984, Judge William Quinlan entered an order striking the complaint and granting plaintiff 28 days to file an amended complaint. Although plaintiff failed to file an amended complaint within that time, he maintains that the parties continued discovery. Defendant subsequently filed a motion to dismiss plaintiff's complaint with prejudice for failure to file an amended complaint, and represented to the court that any amended complaint then filed would be barred by the statute of limitations. On May 1, 1985, Judge Quinlan entered an *ex parte* order dismissing plaintiff's cause of action with prejudice, and awarded costs to defendant. The record, however, does not indicate a specific ground for the dismissal.

Plaintiff thereafter filed a timely motion to vacate the order of dismissal, stating that his failure to file the amended complaint was due to inadvertence on the part of his counsel, that his failure to appear at the hearing on the motion to dismiss was due to the fact that his counsel was out of the city and that plaintiff's counsel had telephoned defendant's counsel to advise him that he would be unable to appear at the May 1, 1985, hearing. Plaintiff also stated that he was "ready" to file an amended complaint instanter, but he made no actual motion to amend nor does the record contain the amended complaint he "proposed" to file. Plaintiff's motion to vacate the dismissal was heard by Judge Odas Nicholson after it had been continued on two occasions. Judge Nicholson, in denying the motion, stated that she realized the dismissal with prejudice was "a harsh sanction but

that is the one that Judge Quinlan chose" and that she would not disturb the ruling. In denying plaintiff's motion for reconsideration, Judge Nicholson further stated that "this order was not entered because you [plaintiff's counsel] missed the call, it was entered because you did not comply with the Court's order as to the amended complaint."

On appeal, plaintiff contends that his counsel's conduct in failing to file an amended complaint or to appear for the hearing on defendant's motion to dismiss was not of such a deliberate or contumacious nature as to warrant the sanction of dismissal of his cause of action with prejudice. Specifically, plaintiff argues that his failure to file an amended complaint was due to "mere inadvertence" by his counsel.

Because of the frequent occurrence of this situation, we believe it is necessary to clarify the effect of an involuntary dismissal under these circumstances, especially where the applicable statute of limitations has run before the filing of an amended complaint ordered by the trial court. The issue before us turns upon what type of involuntary dismissal actually was entered by the trial court.

■ We first note that Supreme Court Rule 273 provides that "unless the order of dismissal *or a statute of this State otherwise specifies,* an involuntary dismissal of an action," with limited exceptions inapplicable here, "operates as an adjudication on the merits." (Emphasis added.) (87 Ill. 2d R. 273; *Brainerd v. First Lake County National Bank* (1971), 1 Ill. App. 3d 780, 275 N.E.2d 468.) An involuntary dismissal not falling under any of the exceptions of Rule 273 thus would bar a plaintiff from filing a subsequent suit involving the same parties and claims pursuant to principles of *res judicata. Sullivan v. Power Construction, Inc.* (1982), 108 Ill. App. 3d 653, 439 N.E.2d 500.

On the other hand, a dismissal for want of prosecution, a type of involuntary dismissal which our courts have always had the inherent power to enter (*O'Reilly v. Gerber* (1981), 95 Ill. App. 3d 947, 420 N.E.2d 425, citing *Sanitary District v. Chapin* (1907), 226 Ill. 499, 80 N.E. 1017), is not an adjudication on the merits, does not prejudice the case of the party against whom it is entered, and does not bar a subsequent suit on the same issues (*Aranda v. Hobart Manufacturing Corp.* (1977), 66 Ill. 2d 616, 363 N.E.2d 796). Accordingly, under section 13—217 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 13—217), a statute that *otherwise specifies* (*Harl v. City of La Salle* (7th Cir. 1982), 679 F.2d 123; *Bruer v. Livingston County Board of Zoning Appeals* (1978), 66 Ill. App. 3d 938, 383 N.E.2d 1016, citing *Kutnick v. Grant* (1976), 65 Ill. 2d 177, 357 N.E.2d 480),

a plaintiff who obtains a dismissal for want of prosecution, or under other circumstances not pertinent to this case, may refile his action following such dismissal within one year or within the remaining period of limitations, whichever is greater.

We further note that Supreme Court Rule 219, which was at issue in the cases plaintiff cites to here, authorizes a trial court to dismiss an action "with" or "without" prejudice for failure to comply with discovery or pretrial conference orders. (87 Ill. 2d R. 219.) This rule, however, contains no language providing for the situation where, as here, a plaintiff fails to file an amended complaint within the time required by an order of the court and where the applicable statute of limitations has run. Nor has our research revealed any other rule or statute specifically governing this situation, although the necessity for one in light of this procedural dilemma has been the subject of discussion in our legal community. See generally Dahlen, *Dismissal of a Complaint or Counts Thereof: A Few Appellate and Jurisdictional Ramifications*, 69 Ill. B.J. 160 (1980); Hamer, *The Practitioner's Dilemma: To Amend Or Not To Amend*, 63 Ill. B.J. 186 (1974); Note, *Involuntary Dismissal for Disobedience or Delay: The Plaintiff's Plight*, 34 U. Chi. L. Rev. 922 (1967).

We have found, however, case law applicable to this issue. In *O'Reilly v. Gerber* (1981), 95 Ill. App. 3d 947, 420 N.E.2d 425, we reversed the trial court's dismissal of an action "with" prejudice under circumstances similar to the situation before us and remanded the cause with instructions that the trial court enter an order dismissing the cause "without" prejudice. In *O'Reilly*, where the applicable statute of limitations had run but was not at issue, the plaintiff had responded to the defendant's motion to dismiss for her failure to file a third amended complaint with a motion to voluntarily dismiss her action, without prejudice and without cost, pursuant to section 52(1) of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 52(1)), now section 2—1009 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—1009). In observing that the plaintiff had an absolute right to voluntarily dismiss her suit prior to commencement of trial, we nonetheless affirmed the trial court's denial of her motion based on other grounds; the trial court had denied the motion on the ground that the plaintiff had no complaint on file, having failed to comply with its previous order granting her 28 days to amend which she failed to do, whereas we affirmed the trial court on the ground that the plaintiff failed explicitly or even implicitly to tender costs as required by section 52(1).

However, we reversed the trial court's dismissal with prejudice

based on our determination that failure to file an amended complaint was a dismissal for want of prosecution, notwithstanding the absence of such a designation of the dismissal by the trial court. More particularly, we stated:

"The trial court did not use the words 'dismissal for want of prosecution' in its order. *However, a suit may be dismissed for want of prosecution for the failure or refusal to file an amended complaint* (3 Nichols Illinois Civil Practice sec. 2848 (1978)), and it [*sic*] seems clear that was what the court was doing here. *Thus, it seems equally clear that the dismissal should have been without prejudice.*" (Emphasis added.) 95 Ill. App. 3d 947, 950, 420 N.E.2d 425, 427.

Similarly, in *Bruer v. Livingston County Board of Zoning Appeals* (1978), 66 Ill. App. 3d 938, 383 N.E.2d 1016, we held that where the plaintiffs experienced delay in filing an amended petition, the subsequent dismissal of the petition should have been for want of prosecution. In *Bruer*, the plaintiffs filed two petitions for administrative review. Their first petition was dismissed on the defendant's motion when the plaintiffs failed to amend it within the time granted by the court. The court did not indicate the grounds for dismissal. The plaintiffs subsequently filed a motion to vacate, alleging that a delay in transcript preparation of the hearing before the defendant board of zoning appeals prevented them from filing the amended petition. This motion was denied and the plaintiffs took no appeal. Prior to the denial of their motion to vacate, however, the plaintiffs had filed a second petition which the defendant sought to dismiss upon principles of *res judicata*. In its consideration of this issue, this court stated:

"The record fails to disclose why plaintiffs failed to request an extension of time to file their amended complaint before the 21-day period had expired, or why the court denied plaintiffs' motion to vacate the *** dismissal in view of this allegation. While we feel that the proper course for the plaintiffs would have been to file a timely notice of appeal ***, *the *** dismissal *** was not an adjudication on the merits and can only be characterized as a dismissal for want of prosecution.* Since section 24 plainly states that if a suit is dismissed for want of prosecution a new action may be filed within one year of the dismissal, we find that plaintiffs' second petition for administrative review *** is not barred by the principle of *res judicata*." (Emphasis added.) 66 Ill. App. 3d 938, 940-41, 383 N.E.2d 1016, 1018.

The characterization of a dismissal, where a plaintiff fails to file an amended complaint within the time ordered by a court, as a dis-

missal for want of prosecution, was reiterated by the Seventh Circuit Court of Appeals, based on its interpretation of Illinois law, in *Harl v. City of La Salle* (7th Cir. 1982), 679 F.2d 123. The court also emphasized that where a dismissal was entered only after the plaintiff's failure to file an amended complaint within the time allowed in a previous order, and where the order was inexplicit concerning the grounds for dismissal, there was no basis for concluding that the dismissal was for a reason other than for want of prosecution.

To summarize, we find *O'Reilly*, *Bruer* and *Harl* dispositive of the effect of an involuntary dismissal where a plaintiff has failed to file an amended complaint within the time granted by a court's order and where the applicable statute of limitations has run. *O'Reilly*, besides characterizing a dismissal for failure to file an amended complaint within the time granted by the court as a dismissal for want of prosecution, also involved a situation where the applicable statute of limitations had run. We believe that the absence of any discussion on the running of the statute of limitations indicates not only that it was not at issue, but also that it was of no consequence since, where a cause of action is determined to have been dismissed for want of prosecution, the plaintiff has the right to refile her action pursuant to section 24a. (Ill. Rev. Stat. 1979, ch. 83, par. 24a (now Ill. Rev. Stat. 1985, ch. 110, par. 13—217).) *Bruer* and *Harl*, although they did not involve a statute of limitations problem, also stand for the proposition that a dismissal for failure to file an amended complaint within the time ordered by a court should be characterized as a dismissal for want of prosecution. *Harl* also emphasized that in light of the fact that both parties agreed that the dismissal was based on the plaintiff's failure to file an amended complaint, and in the absence of an explicit order, the dismissal could not have been for any reason other than for want of prosecution. See *Brainerd v. First Lake County National Bank* (1971), 1 Ill. App. 3d 780, 275 N.E.2d 468 (dismissal with prejudice proper where both parties regarded the dismissal as one for failure to state a cause of action, rather than for failure to file an amended complaint within the time specified by the court).

Moreover, the above case law holding that a dismissal under these circumstances can only be a dismissal for want of prosecution and that the running of a statute of limitations has no effect once the original complaint is filed, is further supported by the statute which gives a court discretion to accept amended complaints after the time for filing them has expired, even if that time is after the statute of limitations has run. (Ill. Rev. Stat. 1985, ch. 110, par. 2—616(b).) In addition, the filing of and allowance of a motion for voluntary dis-

missal has the same effect; a plaintiff has an absolute right to voluntarily dismiss his action prior to commencement of trial notwithstanding whether the statute of limitations has run, as evidenced by *O'Reilly* had the plaintiff successfully moved for a voluntary dismissal, and to refile his action pursuant to section 13—217 (Ill. Rev. Stat. 1985, ch. 110, par. 13—217).

■ In light of the foregoing, we conclude that the trial court in the instant case erred in dismissing plaintiff's cause of action with prejudice. Like *O'Reilly, Bruer* and *Harl*, the record here does not disclose the specific ground upon which the trial court dismissed plaintiff's cause of action. We only know that plaintiff's suit was dismissed upon defendant's motion after plaintiff failed to file an amended complaint and after the statute of limitations had run. In addition, both parties argued in their briefs that plaintiff's cause of action was dismissed because of his failure to file an amended complaint within the time ordered by the court. Based on these facts, as well as the subsequent trial judge's remarks in denying plaintiff's motion to vacate and for reconsideration, that she realized that the sanction was harsh but that she would not disturb the ruling and that the dismissal of the cause with prejudice was based on plaintiff's failure to comply with the court's order to file an amended complaint, we cannot conclude that the dismissal was grounded on any reason other than for want of prosecution. Accordingly, although the statute of limitations had run, this fact does not affect plaintiff's right to refile his action within one year of the dismissal of his first action pursuant to section 13—217 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 13—217), just as this similar fact did not affect the plaintiff's right to refile her suit in *O'Reilly*.

■ We further observe, as previously mentioned that this characterization of dismissals as dismissals for want of prosecution are distinguishable from dismissals for failure to comply with a court order made pursuant to discovery or pretrial conference orders, which are given *res judicata* effect where the dismissals are with prejudice. In *Keilholz v. Chicago & North Western Ry. Co.* (1974), 59 Ill. 2d 34, 319 N.E.2d 46, our supreme court, in rejecting the rationale of this court, specifically held that dismissals with prejudice for discovery violations or failure to appear for a pretrial conference pursuant to Supreme Court Rule 219 (87 Ill. 2d R. 219) cannot be characterized as dismissals for want of prosecution. To do so would result in the elimination of "the most effective sanction for the disregard of those orders." (59 Ill. 2d 34, 38, 319 N.E.2d 46, 48.) Accordingly, a dismissal with prejudice under Rule 219 would bar a plaintiff from refiling his

action, where the applicable statute of limitations had run, under section 24 (Ill. Rev. Stat. 1965, ch. 110, par. 24 (now Ill. Rev. Stat. 1985, ch. 110, par. 13—217), as contrasted to the right to do so where an action is dismissed for want of prosecution. As the *Harl* court stated, "the statutory basis for the dismissal in *Keilholz* permits a court to dismiss with prejudice only for a violation of *discovery* orders and not for want of prosecution (through failure to amend the complaint)." (Emphasis in original.) *Harl v. City of La Salle* (7th Cir. 1982), 679 F.2d 123, 128.

We also briefly note that the cases relied upon by defendant in support of its arguments that the trial court properly denied plaintiff's motion to vacate and for reconsideration are inapplicable under the circumstances here. Defendant relies on *Esczuk v. Chicago Transit Authority* (1968), 39 Ill. 2d 464, 236 N.E.2d 719. In *Esczuk*, the plaintiff's cause of action was not dismissed for failure to file an amended complaint, but rather because both the plaintiff and defendant failed to appear for a pretrial conference, a discovery violation. The plaintiff's subsequent petition to reinstate alleging lack of "notice" of the pretrial conference and dismissal was denied based on her "failure to follow her case." This is clearly not the situation here; as mentioned above, plaintiff's cause of action was dismissed for failure to file his amended complaint, not because of a discovery violation. Similarly, defendant's reliance on *Bauscher v. City of Freeport* (1968), 103 Ill. App. 2d 372, 243 N.E.2d 650, is misplaced. That case also did not involve a dismissal for failure to file an amended complaint, but rather a dismissal for failure to state a cause of action. (See *Brainerd v. First Lake County National Bank* (1971), 1 Ill. App. 3d 780, 275 N.E.2d 468.) Finally, we note that defendant's assertion, that "*Shroat* [*v. Robins* (1972), 7 Ill. App. 3d 293, 287 N.E.2d 157] *** makes it clear that the judge could certainly have dismissed the plaintiff's cause with prejudice for failure to file an amended complaint" within the time specified, is erroneous. *Shroat* did not involve a dismissal "with prejudice," and it is clearly inapplicable here.

■ In conclusion, although plaintiff in the instant case could have prevented this situation by taking a number of actions—such as requesting that the court strike the language of "with prejudice" and substitute "without prejudice" in lieu thereof, or moving to file an amended complaint instanter or moving for a voluntary dismissal—but did not, the fact remains that our courts have held that a failure to amend a complaint in the time granted by a court is considered a dismissal for want of prosecution absent the court's designation of other grounds. Accordingly, we hold that the trial court erred in dismissing

plaintiff's cause of action with prejudice. We therefore reverse the trial court's judgment and remand the cause with directions that the court enter an order dismissing the cause without prejudice. In light of our disposition of this matter, we need not consider plaintiff's contentions concerning his counsel's failure to file an amended complaint or to appear for the hearing on defendant's motion to dismiss.

Reversed and remanded, with directions.

SULLIVAN, P.J., and MURRAY, J., concur.