TRI-G, INC., Plaintiff-Appellant, v. ELGIN FEDERAL SAVINGS AND LOAN ASSOCIATION, Defendant-Appellee.

Second District   No. 2—88—0897

Opinion filed May 4, 1989.

Timothy K. Mahoney and Charles E. Nave, both of McNamee & Mahoney, Ltd., of Dundee, for appellant.

William R. Ketcham and Daniel E. Compton, both of Brittain, Ketcham, Strass, Terlizzi, Flanagan, Weir & Johnson, P.C., of Elgin, for appellee.

JUSTICE McLAREN delivered the opinion of the court:

The plaintiff, Tri-G, Inc., appeals the trial court's order denying its motion to reconsider the dismissal of its complaint and the imposition of sanctions pursuant to section 2—611 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—611) in the amount of $1,500. On appeal, the plaintiff contends that the trial court's dismissal of its complaint, based on the doctrine of *res judicata*, was error because the complaint's predecessor had never been adjudicated on the merits; rather, the trial court had dismissed the earlier complaint for want of prosecution which allowed the plaintiff to refile its suit within one year. The plaintiff further contends that the trial court's imposition of section 2—611 sanctions was improper because the wealth of case law supports the plaintiff's refiling of the complaint, thus establishing its good faith. We affirm.

On May 11, 1988, the plaintiff filed a complaint, case No. 88—L—0132, against the defendant alleging the existence of oral construction loan contracts between the parties, numerous breaches by the defend-

ant of said contracts and fraud. Shortly thereafter, the defendant filed motions seeking the dismissal of case No. 88—L—0132 and the imposition of sanctions pursuant to section 2—611. The defendant alleged that the complaint was a duplicate of an earlier action filed by the plaintiff against the defendant in Tri-G, Inc. v. Elgin Federal Savings & Loan Association, No. 81—L—0284, said complaint having been adjudicated on the merits on May 11, 1987. The defendant's motions further alleged that case No. 81—L—0284 had been appealed by the plaintiff to this court, which appeal was dismissed on November 13, 1987, for failure to abide by the rules of the appellate court. Thus, defendant claimed that the plaintiff's case No. 88—L—0132 was barred by *res judicata*.

The trial court ordered the plaintiff's complaint dismissed on July 8, 1988, and further granted the defendant's motion for sanctions against the plaintiff and its attorneys in the amount of $5,000. The plaintiff timely filed a motion to reconsider the dismissal and imposition of sanctions. The trial court denied the motion to reconsider and modified the sanctions against the plaintiff and its attorneys to $1,500. The plaintiff's timely appeal ensued.

This appeal presents two issues: (1) whether the plaintiff's refiling of its complaint was barred by the trial court's adjudication of the plaintiff's earlier complaint; and (2) whether the trial court's imposition of sanctions against the plaintiff and its attorneys pursuant to section 2—611 was an abuse of discretion.

■ Addressing the plaintiff's first contention, we note that although the plaintiff's brief contains correct statements of the law with regard to dismissals for want of prosecution and voluntary dismissals, these principles have no applicability to the instant facts. As a general proposition, a dismissal for want of prosecution is not an adjudication on the merits and is to be granted without prejudice, thus preserving a plaintiff's absolute right to refile his action within statutory limitations. (See *Flores v. Dugan* (1982), 91 Ill. 2d 108, 112-13; *Fanaro v. First National Bank* (1987), 160 Ill. App. 3d 1030, 1035; *O'Reilly v. Gerber* (1981), 95 Ill. App. 3d 947, 950.) Similarly, a plaintiff may voluntarily dismiss his case without prejudice "at any time before trial or hearing begins" (Ill. Rev. Stat. 1987, ch. 110, par. 2—1009), thus retaining the right to refile the action. See *Kahle v. John Deere Co.* (1984), 104 Ill. 2d 302, 305-06; *Davis v. International Harvester Co.* (1985), 139 Ill. App. 3d 264, 266-67.

In *Flores*, the parties appeared for trial, and the plaintiffs sought a continuance because a medical witness was unavailable. The trial judge refused to grant a continuance and gave the plaintiffs a choice of im-

mediate trial, voluntary dismissal, or dismissal for want of prosecution. The plaintiffs chose to be dismissed for want of prosecution and proceeded with an appeal. The supreme court stated that a dismissal for want of prosecution without prejudice is not a final and appealable order as the plaintiff has an absolute right to refile his action within statutory limits. (*Flores*, 91 Ill. 2d at 112-13.) A final order, on the other hand, is *res judicata* and prevents the plaintiff from relitigating the same issues in a later lawsuit. 91 Ill. 2d at 113-14.

In *O'Reilly*, the plaintiff moved for voluntary dismissal but specifically requested that the dismissal be granted without costs. The trial court denied the motion and granted the defendant's motion to dismiss with prejudice. On review, the appellate court held that the denial of the plaintiff's motion was proper as the statute allowing voluntary dismissal requires the plaintiff to tender costs (Ill. Rev. Stat. 1987, ch. 110, par. 2—1009), and the trial court's dismissal pursuant to the defendant's motion was also proper as the court has the inherent power to dismiss cases for want of prosecution. (*O'Reilly*, 95 Ill. App. 3d at 949-50.) However, the appellate court found no authority for the trial court to dismiss the case for want of prosecution with prejudice as such a dismissal is not an adjudication on the merits, and a dismissal with prejudice "denotes an adjudication on the merits and is *res judicata.*" 95 Ill. App. 3d at 950.

Relying on *Flores* and *O'Reilly*, the plaintiff contends that the trial court's order entered in case No. 81—L—0284 on May 11, 1987, was a dismissal for want of prosecution without prejudice, thus guaranteeing the plaintiff's absolute right to refile its action within one year. The record does not support this contention. When case No. 81—L—0284 came up for trial on May 11, 1987, the plaintiff refused to proceed, claiming that it could not try the case in the absence of a witness it considered indispensable. Unlike the trial court in *Flores*, the trial court in case No. 81—L—0284 did not offer the instant plaintiff any alternatives to proceeding to trial on the merits. The plaintiff does not argue, however, that the trial court was required to offer it the menu of choices available in *Flores*. Furthermore, the instant plaintiff failed to request a voluntary dismissal or a continuance, choosing instead to simply resist proceeding to trial. In its appellate brief, the plaintiff states, "[h]ad the Plaintiff pursued an appeal of that order [in No. 81—L—0284] and not re-filed this case within the one (1) year statutory period, Plaintiff would have been forever barred from bringing this case to the merits. *** The substance of the order being a dismissal for want of prosecution, the Plaintiff had no alternative but to re-file the Complaint within the statutory period." These assertions

are contradicted by the facts. The plaintiff did appeal the trial court's order in No. 81—L—0284, thus treating the order as a final and appealable judgment. Further, our review of the May 11, 1987, proceedings clearly reveals that the trial court adjudicated the matter on the merits and issued an order in favor of the defendant. Thus, the teachings of *Flores* and *O'Reilly* are not relevant.

In view of the plaintiff's failure to request a voluntary dismissal pursuant to section 2—1009 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—1009), we disregard the remainder of its argument which is based upon cases in which this section plays a pivotal role. (See *Kahle*, 104 Ill. 2d 302; *Davis*, 139 Ill. App. 3d 264.) We determine that the trial court's order in case No. 81—L—0284 was an adjudication on the merits and, as such, is *res judicata* and prevents the plaintiff from relitigating the same issues in case No. 88—L—0132, from which this appeal ensued. Accordingly, we affirm the trial court's denial of the plaintiff's motion to reconsider in case No. 88—L—0132.

■■ ■ With regard to the sanctions assessed against the plaintiff and its attorneys pursuant to section 2—611 of the Code, we note that the initial burden of proving an entitlement to such sanctions is on the movant who seeks them. (*Geneva Hospital Supply, Inc. v. Sanberg* (1988), 172 Ill. App. 3d 960, 966.) A trial court's decision to grant a motion for sanctions pursuant to this section will not be overturned absent a showing of abuse of discretion. (*Geneva Hospital*, 172 Ill. App. 3d at 966.) The plaintiff urges us to reverse the trial court's sanctions order, relying upon its legal arguments in support of the claimed right to refile its complaint to demonstrate its good faith. Inasmuch as we have already determined that the plaintiff's reliance on the cited case law is misplaced and the principles set forth therein are inapplicable to the facts at bar, we are unpersuaded that the plaintiff's refiling of its complaint was made in good faith. Furthermore, the plaintiff's appeal in the prior case is evidence of bad faith. If the plaintiff truly believed the dismissal was for want of prosecution there would have been no need to appeal a nonfinal, nonappealable order. The plaintiff's actions in this case, rather than its words, indicate bad faith in refiling a suit that had previously been disposed in favor of defendant on the merits. Thus, we determine that the trial court's imposition of sanctions was not an abuse of discretion.

The judgment of the circuit court of McHenry County is affirmed.

Affirmed.

DUNN and LINDBERG, JJ., concur.