PAULINE DOLIDO, Plaintiff-Appellant, v. ZENITH RADIO CORPORA-
TION, Defendant-Appellee.

First District (6th Division)   No. 1—88—3390

Opinion filed February 2, 1990.

Pauline Dolido, of Chicago, appellant *pro se.*

Johnson & Drozdzik, Ltd., of Chicago, for appellee.

PRESIDING JUSTICE LaPORTA delivered the opinion of the court:

Plaintiff, Pauline Dolido, is the widow of Paul Dolido, who was employed by defendant, Zenith Radio Corporation, until his death on December 29, 1979. The deceased had a group life insurance policy sponsored by defendant with Aetna Life and Casualty Insurance Company.

On July 14, 1986, plaintiff filed a *pro se* complaint against defendant alleging that certain unpaid worker's compensation benefits which were due the decedent at the time of his death should be paid to her, the only heir and dependent of the deceased. Defendant filed a motion to dismiss the complaint, which was granted.

Subsequently, plaintiff retained an attorney who filed an amended complaint on her behalf which alleged that as decedent's only heir, she was entitled to life insurance and pension plan benefits under certain company group plans, as well as his personal property and the unpaid worker's compensation amounts due him at the time of his death. Defendant filed a motion to dismiss in lieu of an answer. The court granted defendant's motion and ordered plaintiff to file a second amended complaint by May 26, 1987. Plaintiff failed to file the second amended complaint, and the cause was dismissed on May 5, 1988. On May 31, 1988, plaintiff's motion to reinstate was granted and plaintiff was given leave to file a second amended complaint by June 28, 1988. Simultaneously, defendant was given leave to file its petition for sanctions under section 2—611 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—611) if within the time provided "plaintiff does not file a complaint stating a cause of action for which relief may be granted."

The second amended complaint was filed by plaintiff *pro se* on June 24, 1988. Defendant then filed a motion to dismiss the action on August 8, 1988, and simultaneously filed its motion for section 2—611 sanctions against the plaintiff. On August 15, 1988, plaintiff's attorney was given leave to withdraw his representation of the plaintiff. The court also set defendant's motions to dismiss complaint and for sanctions for hearing on October 3, 1988.

On September 28, 1988, plaintiff filed a *pro se* motion for voluntary dismissal, which was entered and continued by the court for hearing on October 3, 1988, at the same time as defendant's motions to dismiss and for sanctions.

At the hearing on October 3, 1988, plaintiff advised the court that she had retained an attorney, that he knew of the hearing date, that she did not know why he was not present and, when the court gave her an opportunity to phone him, she stated she had been unable to reach him. The court denied plaintiff's request for a continuance.

The court first ruled on the plaintiff's *pro se* motion for voluntary dismissal and denied the motion for her failure to allege that all costs had been paid. The court stated:

"Here is what I am going to do today. A party has a right to voluntarily dismiss. Voluntarily dismissing, of course, doesn't prevent a court from having a sanctions hearing under 2—611.

Sanctions hearing for monetary sanctions are the only sanctions that can be imposed by the Court. Your motion to voluntarily dismiss is improper because you haven't alleged that all costs have been paid.

So I'm going to deny your motion to voluntarily dismiss, and what I'm going to do on your motion is to dismiss this cause with prejudice and not award fees and costs. Just dismiss it with prejudice."

Plaintiff then moved the court for a change of venue. The court denied the motion as untimely and stated:

"But, Ma'am, you have presented this motion too late. You presented it after argument and disposition."

It should be noted that the record discloses no argument made by defense counsel at this time. The entire transcript is a colloquy between the court and the court litigant.

The court further stated:

"Ma'am, we are going to do this in a way that keeps the record very clear.

I want you to draft an order that says, 'This cause coming on to be heard on the motion for sanctions under 2—611 brought by Defendant, Zenith Radio Corporation, and upon Plaintiff Dolido's continued motion for voluntary dismissal. The motion for voluntary dismissal is denied. Plaintiff Dolido having failed to comply with 2—1009 of the Civil Practice law by tendering costs. And on motion for sanctions Plaintiff Dolido's

cause is dismissed with prejudice pursuant to 2—611 of the Civil Practice Law. No award of attorney's fees or costs.'

And I want this in the order too: 'Petition for a change of bench venue presented subsequent to argument and ruling on prior motions is denied as untimely.' \*\*\*

For the reasons stated by the Movant in his 2—611 request for sanctions that is what the Court believes is the appropriate sanction for frivolous pleading.''

Thereafter, on October 20, 1988, pursuant to section 2—1203 of the Code of Civil Procedure, plaintiff moved to vacate the court's dismissal order (Ill. Rev. Stat. 1983, ch. 110, par. 2—1203), which was denied.

Plaintiff now appeals and argues that the trial court's denial of her motion to vacate the dismissal order is reversible error. Defendant argues that the court did not abuse its discretion by ordering a dismissal with prejudice as a sanction when section 2—611 of the Code of Civil Procedure is violated.

■ Section 2—1203 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—1203) provides for post-trial motions in nonjury cases. A motion to vacate is designed to alert the trial court to errors it has committed and afford an opportunity for their correction. Such motion is addressed to the trial court's discretion. (*Abbey Plumbing & Heating, Inc. v. Brown* (1977), 47 Ill. App. 3d 719, 365 N.E.2d 115.) Based upon the record presented to this court, we must determine whether the trial court abused its discretion and committed a reversible error in denying plaintiff's motion to vacate the judgment. In expressly explaining its reasoning for dismissing the action with prejudice, the court stated that plaintiff's pleadings were frivolous and used for delay.

■ An examination of section 2—611 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—611) discloses that the permissible penalty which may be assessed for violation of the section is "an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion or other paper, including a reasonable attorney's fee.'' Nowhere in section 2—611 is dismissal of the pleading a permissible penalty. The trial judge acknowledged this in his statement on the record that "sanctions hearing for monetary sanctions are the only sanctions that can be imposed by the Court,'' but then stated, "On motion for sanctions Plaintiff Dolido's cause is dismissed with prejudice pursuant to 2—611 of the Civil Practice Law. No award of attorney's fees or costs.'' The written order entered on the hearing date states the

court's finding that "on this record the appropriate sanction to be imposed on the Plaintiff in this cause pursaunt [*sic*] to Section 2—611 of the Code of Civil Procedure is a finding that the dismissal of her cause ought to be WITH PREJUDICE." The court then ordered: "2. Defendant's motion for sanctions is allowed, in part, and Plaintiff's cause is dismissed WITH PREJUDICE. NO award of costs or fees." Clearly, the court erred in imposing a sanction which was impermissible under section 2—611, and the order of dismissal with prejudice requires reversal.

We next consider the court's denial of plaintiff's motion to voluntarily dismiss for failure to allege that all costs had been paid or tendered to defendant. Plaintiff then explains that she was unaware of defendant's costs and on appeal states that she was "ready, willing and able to tender costs." Plaintiff's motion for voluntary dismissal was first presented to the court on September 28, 1988, and continued for hearing at the same time as the other pending motions. The court addressed the motion for voluntary dismissal before addressing the substantive motions.

Section 2—1009(a) of the Code of Civil Procedure states in relevant part:

"(a) The plaintiff may, at any time before trial or hearing begins, upon notice to each party who has appeared or each such party's attorney, and upon payment of costs, dismiss his or her action or any part thereof as to any defendant, without prejudice, by order filed in the cause." (Ill. Rev. Stat. 1987, ch. 110, par. 2—1009.)

The requirements of plaintiff's right to voluntarily dismiss are set forth unambiguously in the statute. The motion must be made before trial or hearing begins, and before a counterclaim is filed, and plaintiff must pay costs. (*In re Marriage of Wright* (1980), 92 Ill. App. 3d 708, 710, 415 N.E.2d 1196.) We find plaintiff's motion was timely filed, albeit defective for failure to allege a necessary precondition to her right to the requested remedy. A *pro se* litigant while traversing the procedural minefield of litigation is bound to strict compliance with the requirements of the statute. The trial court properly denied plaintiff's motion for voluntary dismissal.

Plaintiff's petition for change of venue was presented to the court following the trial judge's ruling on defendant's motion for sanctions, which we find was a ruling on substantive matter. We find no error in the trial judge's denial of the motion for change of venue as untimely.

For the foregoing reasons, we reverse and remand for further

proceedings the trial court's order dismissing plaintiff's complaint as a section 2—611 sanction.

Order reversed in part and remanded for further proceedings.

McNAMARA and EGAN, JJ., concur.