MICHAEL J. FARRAR *et al.*, Plaintiffs-Appellants, v. MILDRED JACO-BAZZI, Indiv. and as Special Adm'r of the Estate of Joseph P. Jacobazzi, Defendants-Appellees.

First District (1st Division)   No. 1—91—2856

Opinion filed March 29, 1993.

Spina, McGuire & Okal, P.C., of Elmwood Park (John D. Spina, of counsel), for appellants.

Law Offices of Sandra K. Burns, Ltd., of River Forest (Sandra K. Burns, of counsel), for appellees.

JUSTICE BUCKLEY delivered the opinion of the court:

Plaintiffs, Michael J. and Epifania R. Farrar, brought an action against defendants, Joseph and Mildred Jacobazzi, to recover for the damages they sustained in reliance upon certain alleged misrepresentations defendants made in order to induce plaintiffs to purchase their home. On the day of trial, plaintiffs presented a motion to continue or, in the alternative, for a voluntary dismissal. Both motions were denied and the trial judge dismissed plaintiffs' complaint for want of prosecution. On appeal, plaintiffs argue: (1) that the trial judge erred in denying their motion for a voluntary dismissal because a plaintiff has an absolute right to dismiss his or her case at any time prior to trial; and (2) that the trial judge erred in dismissing plaintiffs' cause

for want of prosecution "with prejudice" because a trial judge does not have the power to enter such an order "with prejudice."

On May 8, 1989, plaintiffs filed a one-count complaint against defendants. Plaintiffs alleged that on or about January 11, 1988, they entered into a contract for the purchase of defendants' residence. Plaintiffs assert that defendants represented to them that the basement of the residence "was free from flooding and water intrusion" when, in fact, defendants knew that the basement had previously suffered severe flooding. Plaintiffs maintain that they relied upon the representations of the defendants and, as a result, have brought this suit to recover the cost of repairing and waterproofing their basement.

A general summary of the procedural history leading up to the dismissal of plaintiffs' complaint for want of prosecution is as follows. On July 7, 1989, a default order was entered against defendants for failure to answer plaintiffs' complaint. Defendants then filed a motion to vacate the default and a motion to dismiss plaintiffs' complaint. On July 13, 1989, an agreed order was entered vacating the default. Plaintiffs were given 28 days to answer the motion to dismiss and defendants were granted 21 days thereafter to respond. After plaintiffs were granted two continuances, they answered defendants' motion on October 10, 1989. Defendants then received one continuance before responding to plaintiffs' answer on November 13, 1989. On December 11, 1989, defendants' motion to dismiss was denied. On February 20, 1990, defendants filed their answer to plaintiffs' complaint.

There were several continuances over the next months due, among other things, to the death of one of the defendants, Joseph Jacobazzi, on March 19, 1990, and a knee injury to plaintiffs' attorney. On November 29, 1990, plaintiffs' complaint was dismissed for want of prosecution. On December 19, 1990, the dismissal was vacated and the case was set for trial on February 20, 1991.

On February 15, 1991, pursuant to Supreme Court Rule 237 (134 Ill. 2d R. 237), defendants filed a notice to compel plaintiffs to appear and testify in court on the trial date. On or about February 17, 1991, plaintiffs served on defendants an emergency motion to continue trial due to plaintiffs' alleged inability to locate a necessary witness. Plaintiffs' emergency motion was denied on February 19, 1991. Plaintiffs immediately served notice on defendants informing them that on the morning of trial, February 20, 1991, they would renew their motion to continue, or in the alternative, ask for a voluntary dismissal. On February 20, 1991, the trial judge denied plaintiffs' renewed motion for continuance and denied their motion for a voluntary dismissal.

The judge then orally dismissed the case for want of prosecution and stated that "I am not going to allow you to do by voluntary dismissal what I would not allow you to do by a motion to continue trial." Subsequently, plaintiffs received a postcard from the circuit court informing them of the dismissal for want of prosecution.

Plaintiffs then filed a motion to vacate the dismissal. On July 29, 1991, the trial judge denied plaintiffs' motion to vacate and entered a written order. The order declared that the dismissal for want of prosecution had been entered "with prejudice due to the matter having been marked final for trial on prior occasions." Additionally, the order explained that plaintiffs' motion for a voluntary dismissal had been denied because "it was presented on the day of trial without proper prior notice and without payment or tender of costs."

We note that the "half-sheet" is missing and not a part of the record. Additionally, there is no report of proceedings in the record for us to review. Defendants have filed a proposed report of proceedings in which they assert that defendants' attorney objected at trial to plaintiffs' motions to continue and for voluntary dismissal on the grounds that plaintiffs failed to answer defendants' Rule 220 interrogatories, the case already had been continued numerous times, and defendants were not given proper notice of the motions.

Finally, although not mentioned in either party's brief, it appears from reviewing plaintiffs' reply in support of their motion to vacate that they have refiled their case pursuant to section 13—217 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1991, ch. 110, par. 13—217 (now 735 ILCS 5/13—217 (West 1992))) under docket number 91—M1—133958 and are asking us to insure that this refiled case not be dismissed as a result of the trial judge's erroneous dismissal for want of prosecution "with prejudice."

The first question to be addressed on appeal is whether the trial judge's denial of plaintiffs' motion for a continuance was an abuse of discretion. Defendants assert that the trial judge properly denied plaintiffs' motion for continuance because plaintiffs did not attach a supporting affidavit to the pleading. On appeal, plaintiffs have not challenged the denial of their request for continuance and, therefore, it is not an issue we need address.

⊙1 Nonetheless, we are satisfied that the trial judge did not abuse his discretion. The trial judge has broad discretion to grant or to deny a motion for continuance, and his or her decision will not be reversed absent an abuse of that discretion. (*Feder v. Hiera* (1980), 85 Ill. App. 3d 1001, 1002, 407 N.E.2d 799, 801.) According to Supreme Court Rule 231 (134 Ill. 2d R. 231), a motion for continuance which is

based upon the unavoidable absence of material evidence "shall be supported by the affidavit of the party so applying or his authorized agent." If plaintiff does not include an affidavit in support of his motion to continue, a denial of that motion seldom will be found to be an abuse of discretion. *Feder*, 85 Ill. App. 3d at 1003, 407 N.E.2d at 801.

In the instant case, plaintiffs requested a continuance due to the unavailability of a necessary witness. Plaintiffs did not attach, however, a supporting affidavit to their motion for continuance. Therefore, we believe that on this ground alone plaintiffs' motion for continuance was properly denied. See *Howard v. Francis* (1990), 204 Ill. App. 3d 722, 726-27, 562 N.E.2d 599, 602 (trial court's denial of plaintiff's motion for continuance based upon the alleged unavailability of expert witness was not abuse of discretion where no affidavit supported motion).

The second question to be addressed on appeal is whether the trial judge improperly denied plaintiffs' motion for voluntary dismissal. Plaintiffs argue that they had an absolute right to voluntarily dismiss their cause of action at any time prior to trial and, therefore, the trial judge erred in denying their motion for voluntary dismissal. Defendants, on the other hand, contend that the motion was properly denied because it was presented without proper notice and without payment of costs.

Section 2—1009 provides in pertinent part:

> "Voluntary dismissal. (a) The plaintiff may, at any time before trial or hearing begins, upon notice to each party who has appeared or each such party's attorney, and upon payment of costs, dismiss his or her action or any part thereof as to any defendant, without prejudice, by order filed in the cause." (Ill. Rev. Stat. 1991, ch. 110, par. 2—1009 (now 735 ILCS 5/2—1009 (West 1992)).)

Courts have interpreted section 2—1009 to mean that a plaintiff has an "absolute right" to voluntarily dismiss his cause of action at any time prior to trial or hearing as long as he or she has given timely notice to the parties and has paid all costs. (*Bailey v. State Farm Fire & Casualty Co.* (1985), 137 Ill. App. 3d 155, 157, 484 N.E.2d 522, 524; *Heinz v. County of McHenry* (1984), 122 Ill. App. 3d 895, 897, 461 N.E.2d 672, 673.) If plaintiff strictly complies with the requirements of the section, the trial judge does not have the discretion to deny plaintiff's motion. *Vaughn v. Northwestern Memorial Hospital* (1991), 210 Ill. App. 3d 253, 258, 569 N.E.2d 77, 80.

According to the rules of the circuit court of Cook County, in order for notice given by personal service to be timely, it must be given

"before 4 p.m. of the second court day preceding the hearing of the motion." (Cook County Cir. Ct. Rules 2.1(a), (c)(1), (d).) Additionally, in order to satisfy the "payment of costs" requirement, plaintiff must at least allege the payment or tender of costs. See *Dolido v. Zenith Radio Corp.* (1990), 194 Ill. App. 3d 268, 272, 550 N.E.2d 1225, 1228; *Williams v. Joliet Mass Transit System* (1983), 114 Ill. App. 3d 1004, 1006, 449 N.E.2d 1042, 1044; *In re Marriage of Brown* (1980), 86 Ill. App. 3d 964, 970-71, 410 N.E.2d 79, 84.

■ In the instant case, plaintiff personally served notice on the day the case was set for trial, just prior to presenting the motion. This notice clearly did not satisfy the requirement that notice by personal service be given "before 4 p.m. of the second court day preceding the hearing of the motion." Additionally, the record and pleadings on file show that plaintiff did not pay or even allege the payment or tender of court costs. Although the trial judge surely had the power to grant plaintiffs' request for a voluntary dismissal even though plaintiffs did not strictly comply with the section 2—1009 requirements, we cannot say that it was improper for him to deny the motion. See *Dolido*, 194 Ill. App. 3d at 272, 550 N.E.2d at 1228 (plaintiff's motion for voluntary dismissal properly denied because plaintiff did not allege payment of costs); *Vaughn*, 210 Ill. App. 3d at 257-59, 569 N.E.2d at 79-80 (plaintiff's motion for voluntary dismissal properly denied because plaintiff did not give timely notice).

The final issue to be addressed is whether the trial judge had the authority to enter a dismissal for want of prosecution "with prejudice." Plaintiffs assert that the trial judge dismissed their cause of action for want of prosecution because they were not able to proceed with their case on the trial date. Plaintiffs recognize that a trial judge has the inherent authority to dismiss an action for want of prosecution. They maintain, however, that when the dismissal is based upon an inability to proceed at trial, the judge does not have the authority to dismiss "with prejudice" and thus preclude plaintiffs from refiling their claim.

Defendants argue that the dismissal with prejudice was a legitimate exercise of the trial judge's power to sanction plaintiffs for failing to appear in court on the day of trial pursuant to a Rule 237 notice to compel. Defendants add that this lack of compliance with Rule 237 along with plaintiffs' repeated motions for continuance and their failure to comply with the statutory requirements for a continuance and for a voluntary dismissal "established plaintiffs' conduct as unreasonable and characterized by a deliberate and pronounced disregard for the Rules and the Court." Defendants conclude, therefore, that

the trial judge had the authority to dismiss plaintiffs' cause of action with prejudice as a sanction.

Section 13—217 provides that if an action is dismissed for want of prosecution, the plaintiff "may commence a new action within one year or within the remaining period of limitation, whichever is greater." (Ill. Rev. Stat. 1991, ch. 110, par. 13—217 (now 735 ILCS 5/13—217 (West 1992)).) It has been held that a dismissal for want of prosecution is not a final and appealable judgment on the merits because, pursuant to section 13—217, " 'plaintiffs [have]· an absolute right to refile the action against the same party or parties and to reallege the same causes of action.' " (*Wold v. Bull Valley Management Co.* (1983), 96 Ill. 2d 110, 112, 449 N.E.2d 112, 114, quoting *Flores v. Dugan* (1982), 91 Ill. 2d 108, 112, 435 N.E.2d 480, 482.) In other words, a dismissal for want of prosecution does not prejudice plaintiffs' case nor bar a subsequent suit on the same issues. (*O'Reilly v. Gerber* (1981), 95 Ill. App. 3d 947, 950, 420 N.E.2d 425, 427.) Since a dismissal *with prejudice* "denotes an adjudication on the merits and is *res judicata*," a dismissal for want of prosecution, by its nature, is *without prejudice*. (*O'Reilly*, 95 Ill. App. 3d at 950, 420 N.E.2d at 427; see *Tri-G, Inc. v. Elgin Federal Savings & Loan Association* (1989), 182 Ill. App. 3d 357, 360, 538 N.E.2d 793, 794.) Therefore, a trial judge does not have the authority to dismiss a case for want of prosecution with prejudice because, if he had that power, a "right specifically conferred by [section 13—217] would be defeated." *O'Reilly*, 95 Ill. App. 3d at 950, 420 N.E.2d at 427.

Supreme Court Rule 219(c)(v) (134 Ill. 2d R. 219(c)(v)), however, gives the trial judge the power to dismiss an action with prejudice for refusal to comply with rules or orders relating to discovery or pretrial conferences. (134 Ill. 2d Rules 201 through 218.) Additionally, if a party who has been served with notice to attend and testify at trial does not appear, Rule 237(b) (134 Ill. 2d R. 237(b)) permits the trial judge to "enter any order that is just, including any order provided for in Rule 219(c) that may be appropriate." In *Keilholz v. Chicago & North Western Ry. Co.* (1974), 59 Ill. 2d 34, 38, 319 N.E.2d 46, 48, the supreme court determined that dismissals with prejudice pursuant to Rule 219 are not equivalent to, and cannot be characterized as, dismissals for want of prosecution. The *Keilholz* court reasoned that to do so "would be to eliminate the most effective sanction for the disregard of [Rule 219] orders" (*Keilholz*, 59 Ill. 2d at 38, 319 N.E.2d at 48) because a plaintiff has a right to refile his action if it was dismissed for want of prosecution. See *Kraus v. Metropolitan Two Illi-*

*nois Center* (1986), 146 Ill. App. 3d 210, 216-17, 496 N.E.2d 1080, 1085.

■ In the instant case, the trial judge denied plaintiffs' motion for a voluntary dismissal because it was presented without proper notice and without payment or tender of costs. Instead, he dismissed the cause of action for want of prosecution "due to the matter having been marked for trial on prior occasions." When dismissing the action, he stated "I am not going to allow you to do by voluntary dismissal what I would not allow you to do by a motion to continue trial." Clearly, this case was not dismissed because of a violation of pretrial or discovery rules. Additionally, there is absolutely no basis in the record for defendants to assert that the cause was dismissed with prejudice as a Rule 237 sanction. Defendants' own proposed report of proceedings belies this argument. Moreover, Rule 237 was not even violated because the case was dismissed before trial began.

Unquestionably, this case was dismissed because plaintiffs simply were unable to proceed with trial on the set trial date due to the absence of a necessary witness. If a trial judge dismisses a plaintiff's cause of action as a result of his refusal to proceed with trial due to the unavailability of a necessary witness, the proper order of dismissal is one for want of prosecution. (See *Flores*, 91 Ill. 2d at 111, 435 N.E.2d at 481 (dismissal for want of prosecution entered because plaintiff refused to proceed with trial due to the absence of plaintiff's physician).) Consequently, this was a dismissal for want of prosecution and the trial judge did not have the authority to enter such an order with prejudice.

We note that all the cases defendants cite in support of their argument that the dismissal was properly entered with prejudice are inapplicable to the facts of this case. In *Gibellina v. Handley* (1989), 127 Ill. 2d 122, 138, 535 N.E.2d 858, 866, the supreme court made the narrow holding that "the trial court may hear and decide a motion which has been filed *prior to* a section 2—1009 motion when that motion, if favorably ruled on by the court, could result in a final disposition of the case." (Emphasis in original.) Here, not only were there no substantive motions pending before the court, but plaintiffs' case was not voluntarily dismissed pursuant to section 2—1009. The court in *O'Connell v. St. Francis Hospital* (1986), 112 Ill. 2d 273, 283, 492 N.E.2d 1322, 1327, concluded that if plaintiff fails to diligently obtain service after the applicable statute of limitations has expired and defendant files a motion to dismiss with prejudice on this ground pursuant to Rule 103(b) (134 Ill. 2d R. 103(b)), plaintiff cannot circumvent the consequences simply by filing a section 2—1009 motion for

voluntary dismissal; the Rule 103(b) motion must be heard on its merits prior to ruling on plaintiff's motion. Again, in this case, not only was there no Rule 103(b) motion pending at the time of the dismissal, but plaintiffs' section 2—1009 motion for voluntary dismissal was denied.

In *Quarles v. Nationwide Insurance Co.* (1978), 66 Ill. App. 3d 455, 464-65, 383 N.E.2d 1234, 1241, after a full day of trial had elapsed, the judge entered a default judgment against defendant for failing to be in court after having received a duly served notice to appear. The *Quarles* court reasoned that entry of a default judgment was proper in view of the fact that defense counsel "offered no excuse whatsoever for answering ready and proceeding to trial in the absence of his client ***, knowing full well that he had been served with a notice to appear and testify." (*Quarles*, 66 Ill. App. 3d at 466, 383 N.E.2d at 1242.) In the instant case, on the other hand, plaintiffs' counsel answered "not ready" for trial and the case was dismissed before the trial began for the express reason that plaintiffs refused to proceed with trial. Finally, in *In re Estate of Soderholm* (1984), 127 Ill. App. 3d 871, 881, 469 N.E.2d 410, 417, and *Sanchez v. Phillips* (1977), 46 Ill. App. 3d 430, 435, 361 N.E.2d 36, 40, plaintiffs' claims were dismissed as sanctions for unreasonably failing to comply with discovery. Here, even assuming defendants' allegations that plaintiff failed to comply with discovery are correct, this was not the reason articulated by the trial judge as the basis for his ruling.

It is established law in Illinois that a trial judge does not have the power to dismiss a cause of action for want of prosecution with prejudice. Therefore, the judge's order doing so was erroneous.

Accordingly, we affirm the circuit court of Cook County in its denial of plaintiffs' motion for continuance and for voluntary dismissal. We reverse its order dismissing this cause with prejudice and remand to the trial court with instructions to enter an order dismissing the cause for want of prosecution without prejudice.

Affirmed in part; reversed in part and remanded.

CAMPBELL and O'CONNOR, JJ., concur.