LUIS A. SANCHEZ, Plaintiff-Appellant, v. THE CITY OF CHICAGO, Defendant-Appellee.

First District (2nd Division) No. 1—03—2594

Opinion filed September 30, 2004.

Mark L. Karno and Scott D. DeSalvo, both of Mark L. Karno & Associates, of Chicago, for appellant.

Mara S. Georges, Corporation Counsel, of Chicago (Lawrence Rosenthal, Benna Ruth Solomon, and Erica M. Landsberg, Assistant Corporation Counsel, of counsel), for appellee.

· JUSTICE WOLFSON delivered the opinion of the court:
In their depositions three witnesses denied making statements about actual notice relied on by the plaintiff's lawyer at an arbitration hearing and as trial approached. The changes resulted in the trial court's sanctions against the plaintiff and dismissal of his lawsuit. We are asked to determine whether the sanctions went too far and whether dismissal was justified. We reverse and remand with directions.

FACTS ·
Plaintiff's complaint alleged that on July 9, 2000, plaintiff was walking on the sidewalk adjacent to 2300 North Hamlin Avenue in Chicago (the City), north of Belden Avenue. He tripped and fell on a depression in the sidewalk, causing injuries. Plaintiff alleged the City had notice of the defective sidewalk and permitted the defect to remain, failed to repair the defect, and failed to warn people of the defect.

The City asserted as affirmative defenses: immunity under section 3—102 of the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) (745 ILCS 10/3—102(a) (West 2002)), based on lack of actual or constructive notice of the defect; contributory negligence; and comparative negligence. In August 2000, plaintiff's counsel, Mark L. Karno & Associates, retained private investigator J. DeJesus Rico to investigate plaintiff's fall. Rico interviewed and took witness statements from three witnesses who lived near the accident scene—Petra Solorzano, Teresa Mendoza, and Claudia Mendoza.[1]

The witness statements are on preprinted forms with handwritten answers next to the questions. The witnesses signed a "verification by certification" at the bottom of the form. All of the witnesses indicated they did not witness the accident but had seen the defective sidewalk.

Teresa Mendoza's statement is dated August 12, 2000. Her answers indicate the broken sidewalk had been there for the last six

---

[1]Petra Solorzano's and Teresa Mendoza's names are alternatively spelled "Petro Solorzano" and "Theresa Mendosa" in the record.

years she lived there. It said she notified her alderman's office of the broken sidewalk a month earlier. She had never seen City of Chicago employees in the vicinity of the broken sidewalk. An additional comment on the form states, "My grandchildren play outside and have to avoid it constantly. I've also have complaint to the elderman [sic] but noone [sic] has ever listen."

Solorzano's statement is not dated. It indicates she tripped about a year ago in the same spot. She described the condition of the sidewalk as "very bad and getting worse with time." The broken sidewalk was there in 1998 when she moved in. The statement says Solorzano notified her alderman once or twice a year about the broken sidewalk. She had not seen any City employees near the sidewalk. She said her three children had sometimes fallen and hurt themselves.

Claudia Mendoza's statement is not dated. It shows the sidewalk had been broken since she lived there two years ago. Her eldest child, Maria, had fallen and tripped because of the hole in the ground. The form says she had notified her alderman's office two years ago when her son Tony fell. She had not seen any City workers near the hole "since we have been complaining."

On September 17, 2001, plaintiff and his counsel signed answers to interrogatories including copies of the witness statements and stating the witnesses would testify they had complained about the sidewalk to their alderman.

On July 25, 2002, the City took discovery depositions of Teresa Mendoza and Solorzano. Plaintiff's counsel Mark L. Karno was present at the depositions. Teresa testified she had lived at 3806 West Belden from about 1992 to 2002. She first saw the hole in the sidewalk in 1998. Neither she nor anyone in her family had ever tripped on the hole. She never called the City to report the hole. A well-dressed man who spoke Spanish told her he was "from the people that fix stuff from the City." She signed the statement because a man told her the City would come to fix the sidewalk if she signed. He did not tell her what the statement said, and she could not read the statement. Teresa said she had seen garbage workers from the City on the block with the broken sidewalk. She said she thought the hole was fixed sometime in 1999.

Solorzano testified she first noticed the hole in the sidewalk in 1998. She never called anyone from the City to report the hole. The sidewalk was fixed sometime in 2000 or 2001. A man told her he worked for the City and she should sign a statement if she wanted the sidewalk fixed. He asked her questions and wrote down her answers. Then she signed the statement. She said she previously had tripped on the hole and twisted her leg. She did not remember seeing any City

employees near the sidewalk. Her children had fallen on the sidewalk, but she did not know where. She said she understood English but she did not read the statement before she signed it.

On December 6, 2002, plaintiff filed his Rule 90(c) (134 Ill. 2d R. 90(c)) disclosure, including the original witness statements and photographs of the sidewalk. At the mandatory arbitration on January 7, 2003, plaintiff submitted the witness statements to the arbitration panel and argued the City had actual notice of the defective sidewalk. The City did not offer the depositions. Judgment was awarded in favor of the plaintiff in the amount of $27,000 plus costs. On January 29, 2003, the City filed a notice of rejection of the arbitration award.

On March 26, 2003, plaintiff's counsel signed answers to interrogatories stating the witnesses would testify to the condition of the sidewalk, how long the condition existed, and that they had reported the sidewalk defect to the City.

On August 7, 2003, the City filed a motion for sanctions pursuant to Supreme Court Rules 91(b) (145 Ill. 2d R. 91(b)), 219(d) (166 Ill. 2d R. 219(d)), and 137 (155 Ill. 2d R. 137). The City contended plaintiff failed to participate in the arbitration in good faith under Rule 91(b) by submitting false witness statements procured under false pretenses. The City said plaintiff violated Rule 137 by filing the Rule 90(c) package containing information known to be false by plaintiff's counsel. It asked for sanctions in the form of dismissing plaintiff's case or barring the witnesses from testifying at trial.

In its motion, the City referred to Solorzano's and Teresa's depositions. The City said it contacted Claudia Mendoza and learned that her statement also contained false information and was coerced.

In an affidavit, Assistant Corporation Counsel Barrett Rubens said she asked plaintiff's counsel Scott DeSalvo before the arbitration hearing to remove the false witness statements from his Rule 90(c) package. She told DeSalvo that Karno was present at the two depositions where the witnesses refuted much of their earlier statements and discussed how the private investigator held himself out as a City employee. DeSalvo refused to remove the statements and submitted them to the arbitration panel as proof of actual notice.

Plaintiff filed a written response to the motion, attaching affidavits by Rico and DeSalvo. In his affidavit, Rico said the witnesses answered his questions in Spanish, and he wrote down their answers in English. The witnesses then signed the statements. He did not have the witnesses review the statements because he was under the impression that none of them spoke or read English. Rico said the witnesses told him exactly what was contained in the statements, and he did not write down anything other than what they told him.

In his affidavit, DeSalvo said he was assigned to the case the day before the arbitration. He asked Rubens for copies of the depositions, but she did not have them. He asked her why she did not bring a motion prior to the arbitration if she believed the Rule 90(c) contents were inadmissible, and she responded that it was an oversight.

The City filed a reply, attaching Claudia Mendoza's deposition transcript, taken on August 11, 2003. DeSalvo was present during the deposition. Claudia testified she lived with her mother-in-law at 3806 West Belden from about 1995 to 1997 and visited there constantly after she moved. The condition of the sidewalk was very bad in 2000. She never reported the sidewalk to the City or her alderman's office nor did she tell the investigator she reported the sidewalk. She said a man who said he worked for the City told her to sign the statement if she wanted the sidewalk fixed. The man spoke to her in English. She signed the statement, then he filled in the answers. She told him her son, Tony, had fallen on the hole in the sidewalk two years before. She did not review the statement. She had never seen City workers in the area until the sidewalk was fixed sometime after 2000.

The trial court heard oral arguments on August 28, 2003. Judge John Laurie asked DeSalvo what other evidence he had of notice to the City, besides the four witnesses. DeSalvo replied they would have to rely on photographs of the defect taken close in time to the accident to show the condition had existed for a long time. DeSalvo argued the defect in the photographs showed wear and was not a fresh break. The judge viewed the photographs. Following arguments, the trial judge ruled:

> "Based on [Rule] 137 violation, I think it's clear that the only appropriate sanction is bar these statements. Taking one step further, I believe under the circumstances having barred the only witnesses available to you and you having shown to me the only other evidence you have, I clearly do not believe that falls within the area of potential for constructive notice. Based on the merits, the case is dismissed."

DeSalvo requested permission to brief the issue, but the court denied the request.

The trial court's order states:

> "This matter coming to be heard on defendant's Motion for Sanctions, due notice given, both parties represented by counsel, the court fully advised with written and oral argument:
>
> It is hereby ordered:
>
> 1) Defendant's Motion for Sanctions is granted.
>
> 2) Plaintiff's witnesses, Petra Solorzano, Teresa Mendoza, & Claudia Mendoza are barred pursuant to S. Ct. Rule 137.

3) Based on counsel for plaintiff conceding that plaintiff's only evidence of notice, other than the barred witnesses, is photographs, the court having reviewed the photographs and finding that they do not establish constructive notice, this case is dismissed based on the court's finding of no notice."

## DECISION

### I. Finding of a Rule 137 Violation

■ The purpose of Rule 137 is to prevent the filing of false and frivolous lawsuits. *Whitmer v. Munson*, 335 Ill. App. 3d 501, 514, 781 N.E.2d 618 (2002). Yet, "the rule is not intended to penalize litigants and their attorneys merely because they were zealous, yet unsuccessful." *Peterson v. Randhava*, 313 Ill. App. 3d 1, 7, 719 N.E.2d 75 (2000). The rule is penal in nature and must be strictly construed. *Peterson*, 313 Ill. App. 3d at 7.

Supreme Court Rule 137 provides, in part:

"Every pleading, motion and other paper of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated. *** The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. *** If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, may impose upon the person who signed it, a represented party, or both, an *appropriate sanction*, which may include an order to pay to the other party or parties the amount of reasonable expenses incurred because of the filing of the pleading, motion or other paper, including a reasonable attorney fee." (Emphasis added.) 155 Ill. 2d R. 137.

■ Courts should use an objective standard in determining what was reasonable under the circumstances as they existed at the time of filing. *Whitmer*, 335 Ill. App. 3d at 514. An appellate court should base its review of the trial court's decision on three factors: (1) whether the court's ruling was an informed one; (2) whether the ruling was based on valid reasons which fit the case; and (3) whether the ruling followed logically from the stated reasons to the particular circumstances of the case. *Wagener v. Papie*, 242 Ill. App. 3d 354, 364, 609 N.E.2d 951 (1993). Whether Rule 137 has been violated is reviewed under the

manifest weight of the evidence standard. *Nissenson v. Bradley*, 316 Ill. App. 3d 1035, 1040, 738 N.E.2d 586 (2000).

Plaintiff contends the witness statements in his Rule 90(c) packet contained relevant and true information, such as the identity and location of witnesses and their knowledge of the defect in the sidewalk. He contends he had a reasonable, good-faith basis for submitting the witness statements because Rico said he took down the witnesses' exact statements, including their statements that they had reported the defect to the City. At their depositions, the witnesses testified consistently with their statements, other than the fact that they called their alderman's office. Relying on *Peterson*, 313 Ill. App. 3d at 15, plaintiff contends sanctions are not appropriate where the evidence is merely conflicting. Plaintiff says the City failed to call a single witness or introduce any evidence at arbitration to challenge the witnesses' statements. He points out that the City waited until seven months after the arbitration and until the eve of trial to bring its motion for sanctions, suggesting the City used it as a tactical maneuver to bar evidence at trial.

In response, the City contends plaintiff's counsel lacked reasonable grounds to rely on the witness statements after the witnesses had repudiated them, and counsel's own investigator admitted the witnesses signed the statements without being able to read or understand them. The City says plaintiff could not properly represent that the statements constituted proof of actual notice to the City where a reasonable inquiry would have shown the witness statements were unreliable. The failure to make any reasonable inquiry after being placed on notice from the depositions of Teresa and Solorzano was sanctionable. As to the timing of its motion for sanctions, the City says it waited for plaintiff's counsel to remedy its own mistake, and the City moved for sanctions only when it became apparent plaintiff intended to introduce the false witness statements at trial.

■ We find the court did not abuse its discretion in finding a Rule 137 violation. In *Whitmer*, the record showed the plaintiff filed a verified complaint containing allegations which, upon making a reasonable inquiry, the plaintiff should have known were untrue and which, in all likelihood, he knew to be untrue. *Whitmer*, 335 Ill. App. 3d at 514. Even if the plaintiff "honestly believed" his or her case was well grounded in fact or law, it is objectively unreasonable to file a pleading if a reasonable inquiry would have uncovered the falsity. *Whitmer*, 335 Ill. App. 3d at 516. Here, based on the nature of the witness statements and the fact that the investigator admitted the witnesses did not read the statements before they signed them, plaintiff should have made a reasonable inquiry into the truth of the statements.

After the depositions where two of the witnesses testified they never reported the sidewalk defect to the City, plaintiff's lawyer was at least put on notice that the witness statements were not reliable. At worst, it appeared the investigator falsified the statements or coerced the witnesses into signing the statements by impersonating a City employee. Notwithstanding the serious doubt cast on the statements, the lawyer submitted the witness statements at arbitration and later indicated he would use the statements at trial. He gave no indication the witnesses had ever refuted their statements. Plaintiff's lawyer had a duty to notify the arbitration panel of the fact that the witnesses had refuted part of their statements. His conduct was marked by a noticeable lack of candor—to the arbitrators and to the trial court.

In *Nissenson*, the trial court imposed a Rule 137 sanction based on a false medical report attached to the complaint. The court found plaintiff's counsel was on notice that the medical report was, at minimum, inaccurate, and he had a duty to notify the court about problems with the report. He did nothing to correct its inaccuracy or notify the court, so his failure to withdraw the report was sanctionable. *Nissenson*, 316 Ill. App. 3d at 1039. This was so even though the attorney did not file the original pleadings containing the false report, because "[a] successor attorney cannot hide behind his predecessor." *Nissenson*, 316 Ill. App. 3d at 1041.

Here, it is irrelevant that the attorney who attended the arbitration was not the same attorney who attended the depositions. As the City points out, both attorneys were from the same firm, and the knowledge of one member of a law firm is imputed to the other members. *People v. Dace*, 153 Ill. App. 3d 891, 896, 506 N.E.2d 332 (1987).

The evidence in this case was not merely conflicting. Three of the witnesses testified the investigator told them he was a City employee and that they should sign the statement if they wanted the sidewalk fixed. They testified they never reported the sidewalk to the City and never told anyone they did so, even though the statements said they did. None of the witnesses read the statement before signing it. Rule 137 requires an objectively reasonable inquiry into the veracity of pleadings. It is clear plaintiff's counsel did not conduct such an inquiry nor did he inform the arbitration panel or the court of the problems with the witness statements.

At the same time, we are troubled by the fact that the City failed to bring the depositions to the attention of the arbitration panel and waited seven months, until the eve of trial, to bring its motion for sanctions.

II. Barring of Witnesses as a Rule 137 Sanction

In deciding to bar the witnesses as a Rule 137 sanction, the trial judge stated:

> "I believe it's a clear violation of [Rule] 137 for him to go into the arbitration knowing what he knew. I believe, as counsel pointed out, whether or not the ages, names, the addresses were correct is totally irrelevant. The only thing critical about those affidavits was the specific issue of the notice. He knew about it. If there was any question in his mind, he had an obligation to come forward himself and ask that there be some clarification so he would not be facing whether or not it was a perjured document. He knew that these two people, the husband and wife, didn't even speak English, read or write English. There had to be a number of questions apparent to him he should have asked.
>
> Based on [Rule] 137 violation, I think it's clear the only appropriate sanction is bar these statements."

Plaintiff contends Rule 137 limits available sanctions to a monetary award of attorney fees, costs, or both, in the court's discretion. The language in the rule indicates otherwise. It allows for "an *appropriate* sanction, which *may include* an order to pay to the other party or parties the amount of reasonable expenses incurred because of the filing of the pleading, motion or other paper, *including* a reasonable attorney fee." (Emphasis added.) 155 Ill. 2d R. 137.

Although most Rule 137 sanctions involve attorney fees, it is clear the rule allows other sanctions besides attorney fees, provided they are "appropriate." In *In re Marriage of Ahmad*, 198 Ill. App. 3d 15, 20-21, 555 N.E.2d 439 (1990), the court held a public reprimand was a proper sanction under section 2—611 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—611), the predecessor to Rule 137. Section 2—611 contained substantially similar language to Rule 137, including the provision allowing for an " 'appropriate sanction, which may include an order to pay' " attorney fees. (Emphasis omitted.) *Ahmad*, 198 Ill. App. 3d at 21, quoting Ill. Rev. Stat. 1987, ch. 110, par. 2—611. *Ahmad* is of dubious value because the Illinois Supreme Court has exclusive and plenary jurisdiction over matters related to attorney discipline. *Lustig v. Horn*, 315 Ill. App. 3d 319, 328, 732 N.E.2d 613 (2000).

The parties have cited no cases in which a court barred witnesses as a sanction under Rule 137. The closest our court has come to determining whether barring a witness is an appropriate sanction is *Dolido v. Zenith Radio Corp.*, 194 Ill. App. 3d 268, 550 N.E.2d 1225 (1990). There, the trial judge found that section 2—611, as it existed after amendment in 1987, was violated when the plaintiff filed a

frivolous pleading. As a sanction, the judge dismissed the lawsuit with prejudice. We reversed the dismissal, finding that "[n]owhere in section 2—611 is dismissal of the pleading a permissible penalty." *Dolido*, 194 Ill. App. 3d at 271.

The problem we have with *Dolido* is the court's failure to consider or mention the statute's use of the term "an appropriate sanction," the same phrase contained in Supreme Court Rule 137. Instead, the court described the permissible penalty as " 'an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion or other paper, including a reasonable attorney's fee.' " *Dolido*, 194 Ill. App. 3d at 271, quoting Ill. Rev. Stat. 1987, ch. 110, par. 2—611. We do not believe we are free to read "an appropriate sanction" out of the statute or to ignore its presence in Rule 137. For that reason, we do not rely on *Dolido*.

Plaintiff contends barring the witnesses was too harsh a penalty, comparing this case to *Smith v. City of Chicago*, 299 Ill. App. 3d 1048, 702 N.E.2d 274 (1998). In *Smith*, not a Rule 137 case, the court directed a verdict in favor of the defendants as a sanction for the plaintiff's attorney having informed the expert witness of the testimony of two other witnesses. *Smith*, 299 Ill. App. 3d at 1051-52. No order excluding witnesses was ever requested or entered. *Smith*, 299 Ill. App. 3d at 1054. This court held the trial court abused its discretion in entering the sanction because it was not "reasonable in light of the attendant facts and circumstances of the case." *Smith*, 299 Ill. App. 3d at 1054.

> "[S]uch a drastic sanction, being the antithesis of a determination of a cause on its merits, should be employed only as a last resort after all other enforcement powers at the court's disposal fail. When, as in this case, sanctions are visited upon a party as vicarious punishment for the acts of her counsel, care must be taken in fashioning a sanction that both adequately addresses the offending conduct and, to the extent possible, preserves the right of the party to be heard on the merits of her case." *Smith*, 299 Ill. App. 3d at 1055.

We agree with the plaintiff. While barring the witnesses was not quite a dismissal, it had the effect of devastating the plaintiff's case. Rule 137's penal nature requires us to strictly construe the rule against the movant. *Gershak v. Feign*, 317 Ill. App. 3d 14, 22, 738 N.E.2d 600 (2000). The sanction damaged the plaintiff out of proportion to any misconduct committed by his attorney. At their depositions, the witnesses testified to their awareness of the damaged sidewalk and past occurrences of people falling on the hole. Most of their testimony was consistent with the witness statements. The trial

judge should not have barred these witnesses completely where much of their testimony was unrefuted and necessary to the plaintiff's case. Under the facts of this case, barring the witnesses was not an appropriate penalty for Rule 137 violations.

We find support for our holding in a Tenth Circuit case dealing with Rule 11 of the Federal Rules of Civil Procedure. *Chevron, U.S.A., Inc. v. Hand*, 763 F.2d 1184 (10th Cir. 1985). The predecessor to Rule 137, section 2—611 of the Illinois Code of Civil Procedure, was "[m]odeled largely after *** Rule 11 of the Federal Rules of Civil Procedure (Fed. R. Civ. P. 11)." *In re Mitan*, 119 Ill. 2d 229, 242, 518 N.E.2d 1000 (1987). In *Chevron*, the court affirmed the imposition of attorney fees as a sanction against the movant for filing a frivolous motion. The court stated:

> "Rule 11 directs that the sanction should fall upon the individual responsible for the filing of the offending document. In a given case this could be the attorney, the client, or both. In this case the evidence was sufficient to support the district court's implicit assumption that [the client] was the catalyst behind this frivolous motion. The sanction therefore properly falls on her." *Chevron*, 763 F.2d at 1187.

Here, the plaintiff's attorneys signed the Rule 90(c) disclosure and the answers to interrogatories. It is inappropriate to punish the plaintiff by barring the witnesses from testifying where plaintiff's attorneys committed the misconduct. The weightiest sanction should fall on the attorneys who submitted the documents without informing the arbitration panel or the court of the witnesses' refutation of their statements. The trial court also was free to consider testimonial sanctions, such as taking the issue of actual notice out of the case.

III. Dismissal of Case in Absence of Summary Judgment Motion

Because we decide the barring of witnesses was not a properly imposed sanction, we need not reach the issue of dismissal in the absence of a motion by defendant. But we do comment on the *sua sponte* dismissal because this case will be returned to the trial court.

The City contends the court dismissed the case as part of its Rule 137 sanction. We disagree. In the hearing transcript, the judge stated, "[b]ased on the merits, this case is dismissed." The language of the written order, "based on the court's finding of no notice," also supports our conclusion that the judge dismissed the case through summary judgment and not as a sanction. We believe the judge overreached.

We find the analysis in *Peterson v. Randhava*, 313 Ill. App. 3d 1, 729 N.E.2d 75 (2000), instructive. In *Peterson*, the defendants filed a

motion for a Rule 137 sanction, based on the plaintiff's allegedly false allegation of fact in his complaint. The trial court denied defendants' motion for sanctions but decided to grant summary judgment *sua sponte* in favor of defendants although no motion for summary judgment was pending at that time. *Peterson*, 313 Ill. App. 3d at 5-6. This court held the trial court erred in taking the motion for sanctions as a motion for summary judgment. *Peterson*, 313 Ill. App. 3d at 9. A Rule 137 motion addresses only the allegations on the face of the pleadings, while a summary judgment motion is the procedural equivalent of a trial and is an adjudication of the claim on the merits. Rule 137 specifically authorizes a trial court to impose sanctions *sua sponte*, but nowhere in section 2—1005 is the court authorized to dispose of the case on summary judgment absent a request by one of the parties. *Peterson*, 313 Ill. App. 3d at 10, citing 735 ILCS 5/2—1005(c) (West 1998).

In *Peterson*, discovery was stayed as to all issues except the narrow issue involved in the motion for sanctions. The plaintiff was not given the opportunity to demonstrate the factual basis for his complaint or establish any genuine issues of material fact. Moreover, the trial court granted summary judgment without adequate notice or allowing the plaintiff an opportunity to respond, in violation of Rule 2.1(e) of the circuit court of Cook County (Cook Co. Cir. Ct. R. 2.1(c) (eff. July 1, 1976)) and section 2—1005 of the Code of Civil Procedure. *Peterson*, 313 Ill. App. 3d at 11-12. See also *Silverstein v. Brander*, 317 Ill. App. 3d 1000, 1005-06, 740 N.E.2d 357 (2000) (following *Peterson*, where defendants' motion *in limine* to bar a witness was, in effect, a summary judgment motion, and trial court abused its discretion by excusing defendants' failure to comply with procedural requirements for summary judgment motions).

Following the reasoning in *Peterson*, we find the trial court abused its discretion in granting summary judgment for the City without giving the plaintiff notice or an opportunity to respond in writing. Contrary to the City's assertion, plaintiff was prejudiced by the court's failure to follow summary judgment procedures. Plaintiff had no adequate opportunity to present his evidence on the issue of notice or to demonstrate a genuine issue of material fact foreclosing summary judgment.

CONCLUSION

We find plaintiff's counsel's conduct was sanctionable, and the court did not abuse its discretion in finding a Rule 137 violation. However, we find the barring of the witnesses to be overly broad and harsh. We reverse the dismissal of the case and remand for the court

to assess a more appropriate sanction on the person or persons responsible for the Rule 137 violation.

Reversed and remanded with directions.

HALL and GARCIA, JJ., concur.

